ORIGINAL   FILED

JAN 2 9 2016

U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIM

JOSEPH REAVES

V.                                          No. ___16-141 C___

THE UNITED STATES

## COMPLAINT

Plaintiff Joseph Reaves, Pro se, complaint against defendants The United States, United States Army and the Army Board Correction of Military Records ("ABCMR").

## JURISDICTION

This Court has specific jurisdiction over this action under 28 U.S.C. § 1491 ("Big Tucker Act") amount of controversy is over $10,000., 10 U.S.C. § 301-307 et seq (Army Organization statutes), 10 U.S.C. § 1201 et seq (military disability retirement statutes), 10 U.S.C. § 1552 (military correction board enabling statute) and Army rules and regulations relating to medical standards and disability retirement; and under the Administrative Procedure Act, 5 U.S.C. § 701, et seq this Court has jurisdiction to review a determination made by the Army Board Correction of Military Records.

## FACTS

1. Soldier Reaves was diagnosed with Duodenal Ulcer via X-rays (SEE: Exhibit C, C-4) The ABCMR admitted that he was admitted for treatment of a duodenal ulcer on 2 May and discharged on 5 May 1983 (SEE: Exhibit A, A-3, Item 4). The 1983 version of Army Regulation 40-501 says, "Ulcer peptic, duodenal or gastric supported by laboratory and X-ray evidence of activity" (SEE: Exhibit E-7) WILL BE REFERRED TO A PHYSICAL EVALUATION

RECEIVED  JAN 2 9 2016

BOARD. (SEE: Exhibit E, E-4). The Army failed to Refer Soldier Reaves case to a PEB as the regulation dictates.

2. Soldier Reaves was a part of the PRP Program, Records showed that he was found suitable for the PRP on 16 April 1982 while he was assigned to the 1st Battalion, 30 Field Artillery Regiment, Germany (SEE: Exhibit D-1, DA Form 3180); (SEE: Exhibit A-3, Item 3) and the PRP status was terminated on 25 January 1985 (SEE: Exhibit D-1); (SEE: Exhibit A-3, Item 8). Mr. Reaves was an Assembler of eight inch nuclear projectiles from 820214 (13B10M5) until 841004 (SEE: Exhibit D-4).

3. On 5 May 1983 Dr. Thomason failed to make notification to Reaves commander as the records indicate (SEE: Exhibit C-2, DA Form 2985) and refer him to a PEB as AR 40-501 prescribes. On November 1983 Nathaniel Hill failed to make notification to Reaves commander when he complained about depression and anxiety (SEE: Exhibit F-6, SF 93) On 11 June 1984 Nathaniel Hill failed to make notification to Reaves commander when he complained of cramps in abdomen pinching feeling that runs from buttocks to stomach area (SEE: Exhibit F-8 SF 600) yet on 5 September 1984 Abdomen pain complaint Mr. Hill indicated "will not affect PRP status and commander notified per DD Form 689" (SEE: Exhibit F-9). These Doctors failed to make notification to Reaves commander violating the regulation AR 50-5.

4. The ABCMR admitted "while the applicant did have a medical condition that potentially could have led to an MEB" (SEE: Exhibit B-5, Item 6) The 1983 version of AR 40-501 mandates referral to a PEB. (SEE: Exhibit E. E-4).

5. The failed notifications deprived the commander from making referrals to an MEB and PEB. Mr. Reaves working in a high security position as an assembler was unfit to perform his duties under the PRP program and should have been removed from the PRP status and disqualified due

to unfitness to perform his duties. No assembler of nuclear projectiles with complaints of duodenal ulcer, "Stomach pain for one month, Lots of night pain constantly took bottles & bottles of Mylanta because a "little bit" didn't help. Often had to buckle over while in Formation (SEE: Exhibit C-5 SF 539) and compliant of "When he stands up he has a pinching feeling that runs from buttocks to stomach area' (SEE: Exhibit F-8, SF 600) is fit to perform his duties.

6. These action and failures to act in accordance with Army regulations deprive Mr. Reaves of this due process rights entailed in the Disability statute 10 U.S.C. § 1201 and violated his other constitutional rights. As a result of these actions Mr. Reaves still suffers from this permanent stomach disability ulcer (SEE: Exhibit F-1 Thru F-5, VA Rating Decision) and is being seen by Veterans Affairs for other contributory defects he suffers from dating back to the time he was a soldier in the 1st Battalion 30th Field Artillery Unit in Germany.

## CONCLUSION

Wherefore, the plaintiff demand a judgment against the United States in the amount of $750,000. To equal the amount of disability payments that would have been made dating back to 1983 the time of the infraction. The plaintiff request that this Honorable Court remand this matter back to the ABCMR with instruction to follow the 1983 version of Army Regulation 40-501 and refer Mr. Reaves records to a PEB. Change Honorable discharge to medical discharge and change all records to reflect this medical discharge.

Respectfully submitted,

*Joseph Reaves*

Joseph Reaves,  January 26, 2016

P.O. Box 30769

Phila., PA 19104

2679712760

EXHIBIT

A



**DEPARTMENT OF THE ARMY**
ARMY REVIEW BOARDS AGENCY
1901 SOUTH BELL STREET
ARLINGTON VA  22202-4508

February 26, 2009

Case Management Division/cgw
AR20090001889

Mr. Joseph D. Reaves AS1536
PO Box 244
Collegeville, PA 19426-0244

Dear Mr. Reaves:

This is in response to your December 29, 2008 application to the Army Board for Correction of Military Records (ABCMR).  My office provides administrative support to the ABCMR.

I note in reviewing your application that you are requesting the ABCMR change your honorable discharge to a disability discharge.  The ABCMR has requested your military records from the repository in St. Louis, Missouri; however, they are charged out to another organization at this time.

Unfortunately, without your military records, the ABCMR cannot make a fair, impartial, and equitable determination of your application.  There is a presumption that what the Army did in your case was correct.  The burden of proving otherwise is your responsibility.

Accordingly, the ABCMR cannot take any further action at this time and your case is administratively closed without action and without prejudice.  If you reapply, please allow 90 days before you submit a new DD Form 149 with supporting documents.

I trust this information is helpful.

Sincerely,

Walter Avery
Chief, Case Management Division

Enclosure

A-1



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA  22202-4508

SFMR-RBR                                              17 February 2010

MEMORANDUM FOR US ARMY REVIEW BOARDS AGENCY SUPPORT DIVISION,
ST. LOUIS (SFMR-RBR-SL), 9700 PAGE AVENUE, ST. LOUIS, MO  63132-5200

SUBJECT:  Army Board for Correction of Military Records Record of Proceedings
for Reaves, Joseph D., SSN 164583092, AR20090009517

The application submitted by the individual concerned has been denied by the Army
Board for Correction of Military Records.

Encl
                                              CONRAD V. MEYER
                                              Director, Army Board for Correction
                                              of Military Records

CF:
( )OMPF


Printed on Recycled Paper

A1

## ARMY BOARD FOR CORRECTION OF MILITARY RECORDS

### RECORD OF PROCEEDINGS

IN THE CASE OF:    REAVES, JOSEPH D.

BOARD DATE:    4 February 2010

DOCKET NUMBER:  AR20090009517

### THE BOARD CONSIDERED THE FOLLOWING EVIDENCE:

1. Application for correction of military records (with supporting documents provided, if any).

2. Military Personnel Records and advisory opinions (if any).

### THE APPLICANT'S REQUEST, STATEMENT, AND EVIDENCE:

1. The applicant requests that his honorable discharge be changed to a disability discharge.

2. The applicant states, in effect, that both periods of his service, which total 5 years, should be changed to show that he was unfit and that his discharge be changed to show a disability discharge. He also states that the Army failed to follow Army regulations which required the doctors to notify his unit commander, fill out a DD Form 3349 (Physical Profile), and refer him to a medical evaluation board (MEBD). The applicant continues to state that he was a member of the Personnel Reliability Program (PRP) and, in accordance with Army Regulation 50-5 (Nuclear Surety) and Army Regulation 40-501 (Standards of Medical Fitness), the doctors failed to take his complaints of a duodenal ulcer and emotional and mental disturbances seriously. The applicant also states that he was hospitalized during both of his tours for these illnesses.

3. The applicant provides an extensive self-authored statement and copies of the following documents in support of this application:  a DA Form 3180 (Personnel and Evaluation Record), a DA Form 2985 (Admission and Information), a Standard Form 93 (Report of Medical History), three Standard Forms 600 (Chronological Record of Medical Care), a DA Form 5181-R (Screening Note of Acute Medical Care), two DA Forms 4700 (Medical Record - Supplemental Medical Data), a Standard Form 509 (Clinical Record), a Standard Form 513 (Consultation Sheet), and a DA Form 3647 (Inpatient Treatment Record Cover Sheet).

1

ABCMR Record of Proceedings (cont)                    AR20090009517

CONSIDERATION OF EVIDENCE:

1.  Title 10, U.S. Code, section 1552(b), provides that applications for correction of military records must be filed within 3 years after discovery of the alleged error or injustice.  This provision of law also allows the Army Board for Correction of Military Records (ABCMR) to excuse an applicant's failure to timely file within the 3-year statute of limitations if the ABCMR determines it would be in the interest of justice to do so.  While it appears the applicant did not file within the time frame provided in the statute of limitations, the ABCMR has elected to conduct a substantive review of this case and, only to the extent relief, if any, is granted, has determined it is in the interest of justice to excuse the applicant's failure to timely file.  In all other respects, there are insufficient bases to waive the statute of limitations for timely filing.

2.  The applicant enlisted in the Regular Army on 6 October 1981.

3.  The applicant submitted a copy of a DA Form 3180 which shows that he was found suitable for the PRP on 16 April 1982 while he was assigned to the 1st Battalion, 30th Field Artillery Regiment, Germany.

4.  The applicant submitted a copy of a DA Form 2985 which shows that he was admitted to the U.S. Army Hospital, Augsburg, Germany, on 2 May 1983 for treatment of a duodenal ulcer and discharged on 5 May 1983.

5.  The applicant submitted a copy of a Standard Form 93, dated 8 November 1983, in which he stated in item 8 (Statement of Examinees Present Health and Medications Currently Used), "I am in very good heath and at this time I'm not on any medication."

6.  The applicant submitted a copy of a Standard Form 600, dated 3 November 1983 to 9 November 1983, which shows that he denied the use of any drugs other than the occasional use of alcohol during his PRP interview.  It was noted that the applicant's medical records were missing and the cover was found torn and destroyed in downtown Augsburg, Germany.

7.  The applicant submitted copies of two Standard Forms 600, dated 11 June 1984 and September 1984, which show that he was treated for abdominal pain and that the treatment would not interfere with his PRP status.

8.  The applicant's DA Form 3180 shows that his PRP status was administratively terminated on 25 January 1985 when he was assigned to the 49th Ordnance Detachment, Fort Riley, KS.



ABCMR Record of Proceedings (cont)                    AR20090009517

9. The applicant submitted a copy of a DA Form 5181-R, dated 6 February 1986, which shows that he was treated for severe abdominal pain on that date.

10. On 5 June 1986, the applicant accepted nonjudicial punishment for wrongful use of some amount of marijuana between 23 March 1986 and 23 April 1986. His imposed punishment was a reduction to private first class/E-3, forfeiture of $200.00 pay per month for 2 months, and 45 days of extra duty.

11. The applicant submitted copies of two DA Forms 4700, a Standard Form 509, a Standard Form 513, and a DA Form 3647, dated 4 August 1986, which show he was admitted and discharged from Irwin Army Community Hospital, Fort Riley, KS, on the same date after receiving an endoscopy, being prescribed Tagamet, observation, and being diagnosed with a pre-pyloric peptic ulcer.

12. The applicant submitted an undated Report of Mental Status Evaluation which states he had the mental capacity to understand and participate in the discharge proceedings, was mentally responsible, and met the retention requirements of chapter 3, Army Regulation 40-501.

13. The applicant submitted several pages of what appear to be his analyses of his medical treatment by various individuals.

14. The specific facts and circumstances surrounding the applicant's discharge processing are not available for review. However, the evidence of record does include a properly-constituted DD Form 214 authenticated by the applicant that contains the authority and reason for the applicant's active duty discharge on 10 November 1986 in pay grade E-1. The DD Form 214 shows he was discharged under the provisions of Army Regulation 635-200 (Personnel Separations), chapter 10, for the good of the service in lieu of trial by court-martial with an under other than honorable conditions discharge. The DD Form 214 he was issued confirms he completed a total of 5 years, 1 month, and 5 days of creditable active military service and had reenlisted on 20 September 1984 without a break in service.

15. There is no indication that the applicant applied to the Army Discharge Review Board for an upgrade of his discharge within its 15-year statute of limitations.

16. Army Regulation 635-40 (Physical Evaluation for Retention, Retirement, or Separation) provides the standards for medical fitness for retention and separation, including retirement, and states, in pertinent part, that the medical treatment facility commander with the primary care responsibility will evaluate

3

*A4*

*J4*

ABCMR Record of Proceedings (cont)                    AR20090009517

those referred to him and will, if it appears as though the member is not medically qualified to perform duty or fails to meet retention criteria, refer the member to an MEBD. Those members who do not meet medical retention standards will be referred to a physical evaluation board (PEB) for a determination of whether they are able to perform the duties of their grade and military specialty with the medically-disqualifying condition.

17. Army Regulation 635-40 provides, in pertinent part, that the medical treatment facility commander with the primary care responsibility will evaluate those referred to him and will, if it appears as though the member is not medically qualified to perform duty or fails to meet retention criteria, refer the member to an MEBD. Those members who do not meet medical retention standards will be referred to a PEB for a determination of whether they are able to perform the duties of their grade and military specialty with the medically disqualifying condition.

18. Army Regulation 40-501 does not list a peptic ulcer as a cause for referral to an MEBD.

19. Army Regulation 635-200 sets forth the basic authority for the separation of enlisted personnel. Chapter 10 of this regulation provides, in pertinent part, that a member who has committed an offense or offenses for which the authorized punishment includes a punitive discharge may submit a request for discharge for the good of the service in lieu of trial by court-martial. The request may be submitted at any time after charges have been preferred and must include the individual's admission of guilt. Although an honorable or general discharge is authorized, a discharge under other than honorable conditions is normally considered appropriate.

DISCUSSION AND CONCLUSIONS:

1. The evidence of record shows that the applicant was treated for severe abdominal pain and diagnosed with a pre-pyloric peptic ulcer. The evidence of record also shows the applicant accepted nonjudicial punishment for wrongful use of some amount of marijuana between 23 March 1986 and 23 April 1986.

2. Army Regulation 40-501 does not list a peptic ulcer as a cause for referral to an MEBD. There is no evidence to show he was diagnosed with a duodenal ulcer while on active duty.

4                    

ABCMR Record of Proceedings (cont)                    AR20090009517

3.  There is no evidence in the applicant's record nor did the applicant submit any evidence that shows he was being considered for a medical discharge from the military.  On the contrary, the evidence of record shows that after exhaustive medical tests, examinations, and treatment he was cleared for continued service.

4.  There is no evidence to show that the applicant's medical records should have been reviewed by an MEBD.  Without an MEBD, there would have been no basis for referring him to a PEB.  Without a PEB, the applicant could not have been issued a medical discharge or retired for physical unfitness.

5.  Although the applicant's record is void of the specific facts and circumstances surrounding his discharge processing, it does contain a properly-constituted DD Form 214 which shows that the applicant was separated for the good of the service in lieu of trial by court-martial and that his service was characterized as under conditions other than honorable.

6.  There is no evidence which shows the applicant was not properly and equitably discharged in accordance with the regulations in effect at the time, that all requirements of law and regulations were not met, or that the rights of the applicant were not fully protected throughout the separation process.  Absent such evidence, regularity must be presumed in this case.

7.  In view of the above, there is no basis for granting the applicant's requested relief.

BOARD VOTE:

_____  _____  _____     GRANT FULL RELIEF

_____  _____  _____     GRANT PARTIAL RELIEF

_____  _____  _____     GRANT FORMAL HEARING

_____  _____  _____     DENY APPLICATION

BOARD DETERMINATION/RECOMMENDATION:

The evidence presented does not demonstrate the existence of a probable error or injustice.  Therefore, the Board determined that the overall merits of this case

A6

ABCMR Record of Proceedings (cont)                    AR20090009517

are insufficient as a basis for correction of the records of the individual
concerned.


_Linda D. Simmons_
**CHAIRPERSON**

I certify that herein is recorded the true and complete record of the proceedings
of the Army Board for Correction of Military Records in this case.


6                    A-7



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

February 17, 2010

AR20090009517, Reaves, Joseph D.

Mr. Joseph D. Reaves
PO Box 244
Collegeville PA 19426

Dear Mr. Reaves:

I regret to inform you that the Army Board for Correction of Military Records denied your application.

The Board considered your application under procedures established by the Secretary of the Army. I have enclosed a copy of the Board's Record of Proceedings. This decision explains the Board's reasons for denying your application.

This decision in your case is final. You may request reconsideration of this decision within one year by letter to the above address only if you can present new evidence or argument that was not considered by the Board when it denied your original application.

A copy of the Board's decision and proceedings has been furnished to the counsel you listed on your application, the Disabled American Veterans, 807 Maine Avenue, Southwest, Washington, DC 20024-2410.

Sincerely,

Conrad V. Meyer
Director, Army Board for Correction
of Military Records

Enclosure



Printed on Recycled Paper

J8

# EXHIBIT

## B

ARMY BOARD FOR CORRECTION OF MILITARY RECORDS

RECORD OF PROCEEDINGS

IN THE CASE OF:   REAVES, JOSEPH D.

BOARD DATE:   2 June 2011

DOCKET NUMBER:  AR20100028381

THE BOARD CONSIDERED THE FOLLOWING EVIDENCE:

1. Application for correction of military records (with supporting documents provided, if any).

2. Military Personnel Records and advisory opinions (if any).

THE APPLICANT'S REQUEST, STATEMENT, AND EVIDENCE:

1. The applicant requests reconsideration of his previous request for a physical disability discharge or retirement to include entitlement to incapacitation pay.

2. The applicant states his medical condition was not properly evaluated and reported to higher authorities as required for personnel in his security position. He had medical problems that should have required referral to a Medical Evaluation Board (MEB). He believes his medical condition should have prevented him from reenlisting and warranted a physical disability separation or retirement. He claims that his due process was violated and he was denied a proper consideration for medical separation processing. He also contends that he is entitled to incapacitation pay.

3. The applicant provides over 45 pages of self-authored statements and arguments. He also provides:

   a. three packets of service medical records, two for his first enlistment totaling 43 pages and a 37 page packet for his second enlistment;

   b. a packet of post-service medical records including records from the Pennsylvania Department of Corrections, private physicians, and the Department of Veterans Affairs (VA);

   c. an 8 March 2009 medical examination with 62 pages of VA treatment records;

1

B-1

ABCMR Record of Proceedings (cont)                    AR20100028381

   d.  a 1984 article titled "Frequency of Illness Associated with Epidemic Hepatitis A Virus Infections In Adults";

   e.  his DA Form 2-1 (Personnel Qualification Record-Part II);

   f.  a DA Form 2627 (Record of Proceedings Under Article 15, Uniform Code of Military Justice);

   g.  his DD Form 214 (Certificate of Release or Discharge from Active Duty),

   h  three court of appeals decisional documents; and

   i.  portions of Army Regulation 40-501 (Standards of Medical Fitness).

<u>CONSIDERATION OF EVIDENCE:</u>

1.  Incorporated herein by reference are military records which were summarized in the previous consideration of the applicant's case by the Army Board for Correction of Military Records (ABCMR) in Docket Number AR20090009517, on 4 February 2010.

2.  A significant portion of the medical documents the applicant provided were available to the previous Board when his request for a disability discharge was reviewed; however, the court cases, his request for retirement, and incapacitation pay are considered new evidence and new issues that require reconsideration.

3.  Incapacitation pay is afforded to Army National Guard and Army Reservists who are injured while performing military duties and as a result of the injury were unable to perform their regular civilian jobs.  Since the applicant was Regular Army not a Reservist he is not entitled to incapacitation pay, thereby making this issue moot.  It will not be further addressed in this Record of Proceedings.

4.  The applicant served on active duty in the Regular Army from 6 October 1981 through 10 November 1986.  He was discharged under Army Regulation 635-200, chapter 10, for the good of the service in lieu of trial by court-martial.

5.  The applicant's prior request for a disability discharge was denied because the available medical evidence did not show he was medically unfit or warranted referral to an MEB.

6.  The available service records show that between May 1983 and the date of the applicant's discharge he was treated for a duodenal ulcer, sore throat, right knee injury, a puncture wound to his chest, a fungal infection, an abscess on his

B-2

ABCMR Record of Proceedings (cont)                          AR20100028381

buttock, abdominal cramps, a bump on his eyelid, back pain, and a rash on his face. His records show that on several occasions his medical conditions were evaluated in accordance with regulations in effect for personnel serving in a security sensitive position and determined not to have a negative impact on his position.

7. The circumstances surrounding the three court cases differ significantly from the applicant's situation. In all three cases those individuals had well-documented medical histories and records, they were processed by MEBs, and there was no evidence of disciplinary action or misconduct.

8. At the time of the applicant's separation processing he would have been advised of the effects of a discharge under the provisions of chapter 10, Army Regulation 635-200, and that he might be deprived of many or all Army and VA benefits.

9. The applicant's VA medical recodes show he is being treated for a peptic ulcer, chronic gastritis, and post-traumatic stress disorder. All of the VA medical records are dated over the period of the last 20 years after he was discharged. They show his current medical condition, they do not document or relate to his medical condition at the time of his discharge in 1986.

10. The additional medical records the applicant provided show has suffered from and he has been treated for abdominal pain and ulcers since his release from active duty on a periodic basis.

11. Army Regulation 635-200 (Active Duty Enlisted Administrative Separations) provides the following:

   a. Soldiers who committed an offense or offenses for which the authorized punishment included a punitive discharge could submit a request for discharge for the good of the service at any time after court-martial charges were preferred.

   b. Soldiers who committed an offense or offenses, the punishment for which under the UCMJ includes a bad conduct or dishonorable discharge, may submit a request for discharge in lieu of trial by court-martial.

   c. A medical examination is not required for Soldiers being separated under chapter 10, but may be requested by the Soldier under Army Regulation 40-501.

   d. Paragraph 1-33 (Disposition through medical channels) states except (emphasis added) in separation actions under chapter 10 disposition through medical channels takes precedence over administrative separation processing.

ABCMR Record of Proceedings (cont)                    AR20100028381

12.  Title 10, U.S. Code, chapter 61, provides disability retirement or separation for a member who is physically unfit to perform the duties of his office, rank, grade or rating when the disability was incurred while entitled to basic pay.

13.  Army Regulation 40-501 (Standards of Medical Fitness) provides in:

    a.  paragraph 3-3a that performance of duty despite an impairment would be considered presumptive evidence of physical fitness; and

    b.  paragraph 3-3b(1) for an individual to be found unfit by reason of physical disability they must be unable to perform the duties of their office, grade, rank or rating.

14.  Army Regulation 635-40 (Physical Evaluation for Retention, Retirement, or Separation), provides in:

    a.  paragraph 3-1 the mere presence of an impairment does not, of itself, justify a finding of unfitness because of physical disability.  In each case, it is necessary to compare the nature and degree of physical disability present with the requirements of the duties the member reasonably may be expected to perform because of his or her office, rank, grade or rating;

    b.  paragraph 3-2b(1) disability compensation is not an entitlement acquired by reason of service-incurred illness or injury; rather, it is provided to Soldiers whose service is interrupted and they can no longer continue to reasonably perform because of a physical disability was incurred or aggravated in service; and

    c.  paragraph 3-2b(2) when a member is being separated by reason other than physical disability his continued performance of duty creates a presumption of fitness which can be overcome only by clear and convincing evidence that he was unable to perform his duties or that an acute grave illness or injury or other deterioration of physical condition occurred immediately prior to or coincident with separation rendered the member unfit.

15.  Army Regulation 15–185 (ABCMR) prescribes the policies and procedures for correction of military records by the Secretary of the Army, acting through the ABCMR.  Paragraph 2-9 states that the ABCMR begins its consideration of each case with the presumption of administrative regularity.  The applicant has the burden of proving an error or injustice by a preponderance of the evidence.

4

B-4

ABCMR Record of Proceedings (cont)                    AR20100028381

DISCUSSION AND CONCLUSIONS:

1.  The applicant states he had medical problems that were not properly evaluated, and he should have been referred to an MEB.  His medical conditions should have prevented him from reenlisting and warranted a physical disability separation or retirement.  He claims that his due process was violated and he was denied proper consideration for medical separation processing.  His medical condition was not properly reported to higher authorities as required for personnel in his security position.

2.  In the court cases the applicant provided none of the individuals were facing disciplinary action for misconduct as the applicant was.  Therefore, these cases have no direct bearing on the applicant's case and will not be further addressed.

3.  The applicant has not provided any evidence and the available records do not contain any evidence that shows his due process was violated as it relates to the handling of his medical conditions while on active duty.  Additionally, the available evidence does not show he had medical conditions that were of such a nature that they should have prevented him from qualifying for reenlistment.

4.  The applicant has not provided and the record does not show that he was physically unfit to perform the duties of his office, rank, grade or rating, that his service was irrupted due to a medical condition, or that he was denied due process in the reporting of his medical conditions while he was in an active duty status.

5.  The mere presence of an impairment does not of itself, justify a finding of unfitness because of physical disability.  Therefore, the applicant has not shown he was entitled to a physical disability separation or retirement.

6.  While the applicant did have a medical condition that potentially could have led to an MEB, his discharge was not the result of his inability to serve due to this medical condition.  The applicant elected to be discharged in lieu of facing a trial by court-martial due to his own willful misconduct.  Discharges under chapter 10, Army Regulation 635-200 take precedence over medical separation processing and the applicant has not shown that his physical conditions were the cause of his misconduct.

7.  The regulations governing the Board's operation require that the discharge process be presumed to have been in accordance with applicable law and regulations unless the applicant can provide evidence to overcome that presumption.  The applicant has failed to provide convincing evidence to overcome this presumption.

5



18

ABCMR Record of Proceedings (cont)                              AR20100028381

BOARD VOTE:

_____ _____ _____   GRANT FULL RELIEF

_____ _____ _____   GRANT PARTIAL RELIEF

_____ _____ _____   GRANT FORMAL HEARING

*mkp*   *mjp*   *asa*   DENY APPLICATION

BOARD DETERMINATION/RECOMMENDATION:

1.  In regard to his request for a disability discharge, the evidence presented does not demonstrate the existence of a probable error or injustice.  Therefore, the Board determined that the overall merits of this case are insufficient as a basis to amend the decision of the ABCMR set forth in Docket Number Docket Number AR20090009517, on 4 February 2010.

2.  The available evidence is also insufficient to correct his record to show that he was discharged due to retirement.

_____
CHAIRPERSON

I certify that herein is recorded the true and complete record of the proceedings of the Army Board for Correction of Military Records in this case.

# EXHIBIT

## C

 **National Personnel Records Center**

Military Personnel Records, *9700 Page Avenue St. Louis, Missouri 63132-5100*

June 25, 2007

JOSEPH REAVES AS1536
P.O. BOX 244
GRATERFORD, PA 19426

RE:     **Veteran's Name: REAVES JOSEPH**
        **SSN/SN: 164583092**
        **Request Number: 1-3076692314**

Dear Sir or Madam:

Thank you for contacting the National Personnel Records Center. The original medical record needed to answer your inquiry is not currently in our files. The medical record has been loaned to the Department of Veterans Affairs (VA). We suggest that you contact the nearest VA Regional Office to obtain copies of the records. If a claim has been filed with the VA it would be helpful to include the VA claim number when contacting them. You may call 1-800-827-1000 to locate the VA office nearest you.

Enclosed please find the requested Clinical Records. However, we regret that some documents are not completely legible, but are the best available copies we can provide.

If you have questions or comments regarding this response, you may contact us at 314-801-0548 or by mail at the address shown in the letterhead above. If you contact us, please reference the Request Number listed above. If you are a veteran, or a deceased veteran's next of kin, please consider submitting your future requests online by visiting us at http://vetrecs.archives.gov.

Sincerely,

JEFFREY SPEARS
Archives Technician (1C)

Enclosure(s)

# ADMISSION AND CODING INFORMATION

For use of this form, see AR 40-400, the proponent agency is the office of The Surgeon General.

| 1. MTF CODE | | | 2. REGISTER NUMBER | | | | | | NAME (Last, first, middle initial) | 3. GRADE | |
|---|---|---|---|---|---|---|---|---|---|---|---|

REQUEST JOSEPH Q

**PLATE LINE**

| | 2. REGISTER NUMBER | | | | | | NAME (Last, first, middle initial) | | 3. GRADE |
|---|---|---|---|---|---|---|---|---|---|
| 1. | 6 | 7 | 8 | 9 | 10 | 11 | Reaves, Joseph | 12 | 13 |
| | 0 | 1 | 6 | 1 | 2 | 8 | 0 | | 5 PV-4 |

| 4. SEX | 5. AGE | | | 6. RACE | RELIGION | 7. LENGTH OF SVC | ETS | | PREVIOUS ADMISSION |
|---|---|---|---|---|---|---|---|---|---|
| 14 | | 15 | 16 | 17 | BAPT | 18 | 19 | | YR |
| M | 20 yrs | 2 | 0 | W | | 18 mos | G | 1 5 Oct 84 | NO |

| 8. FMP | 9. SSN | | | | | | | | | ORGANIZATION | WARD |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | |
| 2 | 0 | 1 | 0 | 4 | 5 | 8 | 3 | 6 | 9 | 2 | A V30 4A | D-2 |

| FLYING STATUS | RATING/DESIGNATION | 10. BENEFICIARY CAT. | | | BRANCH/CORPS | 11. UIC/ZIP | | | | | 12. TYPE OF CASE | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 31 | 32 | 33 | | 34 | 35 | 36 | 37 | 38 | | 39 |
| | | A | N | 10 | | 0 | 9 | 1 | 7 | 8 | Dis | D |

| 13. SOURCE OF ADMISSION/AUTHORITY FOR ADMISSION | | HOUR OF ADMISSION | 14. CLINIC SVC |
|---|---|---|---|
| | 40 | | 41 | 42 |
| MILARNOS DARU | | 1820 | IMC A A |

| NAME/RELATIONSHIP OF EMERGENCY ADDRESSEE | 15. DISPOSITION TYPE | 16. DATE OF DISPOSITION | | | | | |
|---|---|---|---|---|---|---|---|
| | 43 | | 44 | 45 | | 46 | 47 | 48 |
| ZINIA /w | A | 5 MAY 83 | | 1 | 25 |

| ADDRESS OF EMERGENCY ADDRESSEE (Include Zip Code) | TELEPHONE NO. | 17. DATE OF THIS ADMISSION | | | |
|---|---|---|---|---|---|
| IMhof Strasse 12 | | | 49 | 50 | 51 | 52 | 53 |
| APT no 3386 | | | | | |
| city Hingburg | 592732 | 2 May 83 | 1 2 2 |

| NAME AND LOCATION OF MEDICAL TREATMENT FACILITY | 18. DATE OF INITIAL ADMISSION | | | | |
|---|---|---|---|---|---|
| | | 54 | 55 | 56 | 57 | 58 |
| USNA NOS GERM RNA | | | | |

| 19. ABS SK BED DAYS THIS MTF | | | 20. OTHER DAYS THIS MTF | | | 21. CONV LV/ COOR CARE DAYS THIS MTF | | | 22. SUPPL CARE DAYS THIS MTF | | | 23. BED DAYS THIS MTF | | | 24. TOTAL SICK DAYS THIS MTF | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 59 | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 | 69 | 70 | 71 | 72 | 73 | 74 | 75 | 76 |
| | | | | | | | | | | | | 0 | 0 | 3 | 0 | 0 | 3 |

| MTF OF INITIAL ADMISSION   (CODE 6 CARD) | | 25. TRF TO VA HOSP/ AUTOPSY | 26. DO NOT USE THIS SPACE | | CARD IDENTITY |
|---|---|---|---|---|---|
| | | 77 | 78 | 79 | 80 |
| | | | | | X |

**FOR LOCAL USE**

Duodenal ulcer

"SM is in the PRP" (AR 50-5)  ☒ Yes ____ No

Signature of SM  Joseph O Reaves

( ) Treatment may effect behavior
( ) Treatment will not affect behavior
( ) Commander was notified by ____

| ADMITTING OFFICER (Signature, as required) | SIGNATURE OF ADMITTING CLERK |
|---|---|
| Thomas | |

**DA** FORM 2985  1 MAY 79      EDITION OF 1 JUN 78 IS OBSOLETE.      REPLACES DA FORM 3648
(CUT SHEET ONLY), 1 AUG 76, WHICH IS OBSOLETE.

C-2

General Services Administration and
Interagency Committee on Medical...
October 1975
1 Aug 79

| HEALTH RECORD | | CHRONOLOGICAL RECORD OF MEDICAL CARE |
| --- | --- | --- |
| DATE | | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |

### DISCHARGE NOTE

USAH AUGSBURG, APO 09178

DATE OF ADMISSION: 2 May 83

DATE OF DISCHARGE: 5 May 83

DIAGNOSIS: Duodenal ulcer

SPECIAL PROCEDURES: None

HOSPITAL COURSE: 20 yo sm wm, duodenal ulcer demonstrated on upper GI series, returned for initiation of intensive antiulcer regimen

MEDICATIONS ON DISCHARGE: Tagamet 300 mg qid

DISPOSITION: Maylanta 30cc pc & hs
Aluminum hydroxide gel 30cc pc & hs

PROFILE: P U L H E S   as per pre-hospitalization
Repeat upper GI series in 3 wks
Return to MC in 1 mo

Original - Outpatient Records
Carbon - Inpatient Records
AEMAB FM 27 (TEST), 1 Jun 82
Obsolete after 1 yr

(Physician's Signature)

PATIENT'S IDENTIFICATION (Use this Space for Mechanical Imprint)

161280 20 16458 30 92   D2

REAVES JOSEPH O   SP4

A BTRY 1\30TH FA   AAA

| PATIENT'S NAME (Last, First, Middle initial) | | | SEX |
| --- | --- | --- | --- |
| YEAR OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | DEPART/SERVICE |
| SPONSOR'S NAME | | | RANK/GRADE |
| SSAN OR IDENTIFICATION NO. | | ORGANIZATION | |

CHRONOLOGICAL RECORD OF MEDICAL CARE
Standard Form 509
600-106-01

C-3

| PATIENT'S IDENTIFICATION (For typed or written entries give: Name—last, first, middle; medical facility) | AGE | SEX | REGISTER NO. | WARD NO. | FILM NO. |
|---|---|---|---|---|---|
| 161380 20 16458 30 92　　D2 | 20 | M | | IMC | |

REAVES JOSEPH O SP4

A BTRY 1 30TH FA　AAA
#8391

EXAMINATION REQUESTED

*Upper g-c*

| REQUESTED BY | DATE OF REQUEST |
|---|---|
| | 5 May 83 |

PERTINENT CLINICAL HISTORY, OPERATIONS, PHYSICAL FINDINGS, AND PROVISIONAL DIAGNOSIS

Pt. hospitalized to initiate Rx for duodenal ulcer. Please schedule for repeat upper g-i 24-25th.

| DATE OF EXAMINATION (Include year) | DATE OF REPORT | DATE TRANSCRIBED |
|---|---|---|
| 2 JUN 83 | | 28 JUN 83 |

RADIOGRAPHIC REPORT

UPPER GI SERIES: These are followup films which demonstrate a persistent single collection of contrast material in the duodenal bulb, consistent with a persistent ulcer crater. The duodenal folds in the immediate post-bulbar portion of the duodenum are slightly enlarged, consistent with ongoing inflammation.

MILTON MENDENHALL, MAJ, MC
C, DEP RADIOLOGY
USAMEDDAC, AUGSBURG

SIGNATURE: (Specify location of X-ray facility if not part of requesting facility)
NOTE: For additional space use SF-507, Continuation Sheet

RADIOGRAPHIC REPORT
Standard Form 519-A (Rev. 9-77)
Prescribed by GSA-ICMR
FPMR 101-11 805-8
519-213

---

161380 20 16458 30 92　　D2

REAVES JOSEPH O SP4

A BTRY 1 30TH FA　AAA

DEPARTMENT OF RADIOLOGY
USAMEDDAC, AUGSBURG
APO NY 09178

Patient's Name: ___Reaves  Joseph___ Last 4 # 3092 D.
　　　　　　　　　(Last)　　　　(First)

Examination Requested: ___UGI___

Radiologist's Interpretation:

Duodenal Bulb ulcer — active

Dr. Dempsey — IMC — per phone call.

THROW THIS FORM AWAY!!!

A PERMANENT COPY WILL FOLLOW..

Milton T. Mendenhall,　MD
MAJ　MC
C, DEP RADIOLOGY
USAMEDDAC, AUGSBURG
APO NY 09178/

B

C-4　　　　　　26

| MEDICAL RECORD | ABBREVIATED MEDICAL RECORD |
|---|---|

PERTINENT HISTORY, CHIEF COMPLAINT, AND CONDITION ON ADMISSION ( Enter date of admission )

Prob - duodenal ulcer. Admit 2 May 83
20 yo. has had upper abdominal pain since one month ago. No previous hx of this pain. The pain initially was in region of xiphoid process and R rib cage and was pleuritic in nature. Lots of night pain "constantly". Took bottles & bottles of Mylanta because a "little bit" didn't help. Often had to buckle over while in formation. No change in bowel func. Pt. had upper g-i series this AM (long delayed) - actively showed active ulcer. No hx of serious illness. Takes no meds.

PHYSICAL EXAMINATION

Gen - young Negro ♂ in no acute distress.
Eyes - marked tortuosity of fundal vsls with some copper wiring of arterioles.
Neck - thyroid palpable, Chest - lungs clear
Heart - PMI 5th ICS MCL; RCR; no m̄
Abdomen - supple, no tenderness, masses
Rectal - prostate normal; stool heme test neg
Extremities - no edema; good posterior tibial pulses

PROGRESS ( Enter date of discharge and final diagnosis )

4 May 83  No abdominal pain since admission. No abdominal tenderness. Pt. placed on intensive antiulcer regimen for 24 hrs. Will start solid foods today and plan on discharge tomorrow.

| SIGNATURE OF PHYSICIAN | DATE | IDENTIFICATION NO. | ORGANIZATION |
|---|---|---|---|
| [signature] | 5 May 83 | | |

PATIENT'S IDENTIFICATION (For typed or written entries give ( Name - last, first, middle; grade; date; hospital or medical facility)

| | REGISTER NO. | WARD NO. |
|---|---|---|

161 60 50 15438 50

REAVES JOSEPH O  SP4

A BTRY 1\30TH FA   AAA

ABBREVIATED MEDICAL RECORD
Standard Form 539
GENERAL SERVICES ADMINISTRATION AND
INTERAGENCY COMMITTEE ON MEDICAL RECORDS
FPMR 101-11.806-8
OCTOBER 1ᵗ
539-105

| MEDICAL RECORD | PROGRESS NOTES |
|---|---|

DATE

Diet Tech note:

3 May 83 — The Diet order for a CLL has been acknowledged. Pt. visited for Good tolerance and meal plan adjusted accordingly.

SP4 Frison Diet Tech

*(Continue on reverse side)*

PATIENT'S IDENTIFICATION (For typed or written entries give: Name—last, first, middle; grade; rank; rate; hospital or medical facility)

REAVES JOSEPH O   SP4

A BTRY 1\30TH FA   AAA

REGISTER NO.                WARD NO.

**PROGRESS NOTES**
STANDARD FORM 509 (Rev. 11-77)
Prescribed by GSA/ICMR,
FPMR (41 CFR) 101-11.805-8
509-110

28

Standard Form 600
General Services Administration and
Interagency Committee on Medical Records
FPMR 101-11.806-8   Exception 2
October 1975   1 Aug 79

3:15-CV-00141-ZNS   Document 1   Filed 01/29/16   Page 28 of 68

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (*Sign each entry*) |

DISCHARGE NOTE

USAH AUGSBURG, APO  09178

DATE OF ADMISSION: _2 May 8?_

DATE OF DISCHARGE: _3 May 8?_

DIAGNOSIS: _Duodenal ulcer_

SPECIAL PROCEDURES: _N. ?_

HOSPITAL COURSE: _20 yo. SM with duodenal ulcer demonstrated on_
_upper GI series admitted for an intensive bedrest + ulcer regimen_

MEDICATIONS ON DISCHARGE: _Tagamet 300 mg qid_

DISPOSITION: _Maalox 30% pc + hs_
_Dream b.bland gel 30cc pc + hs_

PROFILE:  P U L H E S
_as per post hospital notice_
_Repeat upper gi series + Ba_
_Return to MC in 1 wo_

Original - Outpatient Records
Carbon - Inpatient Records
AEMAB FM 27 (TEST), 1 Jun 82
Obsolete after 1 yr

_____
(Physician's Signature)

| PATIENT'S IDENTIFICATION (*Use this Space for Mechanical Imprint*) | PATIENT'S NAME (*Last, First, Middle initial*) | | | SEX |
|---|---|---|---|---|
| 161280 20 16458 30 92   D2 | YEAR OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | DEPART/SERVICE |
| REAVES JOSEPH O  SP4 | SPONSOR'S NAME | | | RANK/GRADE |
| A BTRY 1\30TH FA    AAA | SSAN OR IDENTIFICATION NO. | | ORGANIZATION | |

CHRONOLOGICAL RECORD OF MEDICAL CARE
Standard Form 509
600-106-01

29

9

MEDICAL RECORD — NURSING ASSESSMENT AND CARE PLAN (Continuation)
For use of this form, see AR 40-407; the proponent agency is the Office of The Surgeon General.

ADDITIONAL ASSESSMENT DATA

Cardiovascular  AP 60 Regular Rate & Rhythm.

Respiratory  lungs clean no cough no sputum.

Gastro intestinal  Appetite fair has epigastric pain
for approx 1 month - Not related to eating
"Diarrhea today since U & 9 normally
every other day. B.M's light brown.

Genitourinary  No frequency No burning on urination

Sensory  ⊝

Neuro Muscular  ⊝

Renal metabolic  ⊝

Social  20 year old SP4 married no children
& epigastric pain x 1 month. U & 9
today showed an ulcer - admitted for
treatment.
2 brothers ⎫ alive and well
1 sister ⎭
Parents alive and healthy.

| SIGNATURE (Nurse) | DATE |
|---|---|
| Anthea Smith R.N. | |

PATIENT IDENTIFICATION:
[illegible] D2

[illegible] SP4

[illegible] AAA

DA FORM 1 AUG 79 3888-1                    (CONTINUE ON REVERSE)

REPORT TITLE

PATIENT DISCHARGE INSTRUCTIONS:                                    OTSG APPROVED (Date)
                                                                   2 Dec 82

DIET: _Regular_                    DIET RESTRICTIONS: _alcoholic_
                                                     _beverages_

MEDICATIONS: _____  TIME TO BE TAKEN: _____  SIDE EFFECTS: _dizziness, mild_

_Tagament — one every 6 hours, if diffuse shock, clear liq._
_Mylanta 30cc after meals and at bedtime._
_Aluminum hydroxide gel 30cc's after meals & bedtime._

MEDICATION RESTRICTIONS: _alcoholic beverages_

ACTIVITY LIMITATIONS: _none_

FOLLOW-UP CARE:  RETURN TO: _____  CLINIC ON: _____

ADDITIONAL INSTRUCTIONS: _REPEAT Upper GI Series ( X-ray only ) in_
_3 weeks. Return to Internal Med Clinic_
_in 1 mo._

IF PROBLEMS ARISE CALL: _4357_    DR'S NAME: _Thomason_

DISCHARGE SUMMARY

PATIENT DISCHARGED TO:  DUTY _✗_  HOME ____  OTHER (SPECIFY) ____

PATIENT VERBALIZES UNDERSTANDING OF DISEASE PROCESS:  YES _✗_ NO ____

PATIENT VERBALIZES VERBALIZES UNDERSTANDING OF DISCHARGE INSTRUCTIONS:  YES _✗_ NO ____

MODE OF DISCHARGE:  AMBULATORY _✗_    W/C ____    LITTER ____

OTHER (SPECIFY): _____

(Continue on reverse)

PREPARED BY (Signature & Title) _____  DEPARTMENT/SERVICE/CLINIC _Nursing_  DATE _5 May 83_

PATIENT IDENTIFICATION (For typed or written entries give: Name - last, first, middle; grade; date; name of medical facility)

REAVES JOSEPH O   SP4
A BTRY 1\30TH FA    AAA

☐ HISTORY/PHYSICAL          ☐ FLOW CHART
☐ OTHER EXAMINATION         ☐ OTHER (Specify)
   OR EVALUATION
☐ DIAGNOSTIC STUDIES
☐ TREATMENT

DA FORM 4700
1 MAY 78          AEMAB FM 88
                  1 Jan 83

D7

CLINICAL RECORD

VERIFY BY INITIALING

INITIAL PROPER COLUMN FOLLOWING EACH ADMINISTRATION

| ORDER DATE | CLERK/ NURSE | RECURRING MEDICATIONS, DOSE, FREQUENCY | HR | DATE DISPENSED | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 1 May 3 | PL | Tagamet 300 mgm q6h. | 06 | ✓ | ξc | ξc | MB | | | | | | | | | | |
| ----- | | | 12 | | MB | RMS | | | | | | | | | | | |
| ----- | | | 18 | 00 | JD | JD | | | | | | | | | | | |
| ----- | | | 24 | ξc | ξc | | | | | | | | | | | | |
| 2 May 3 | PL | Mylanta 60cc q4hr po | 04 | | ξc | | | | | | | | | | | | |
| ----- | | | 08 | ✓ | MB | | | | | | | | | | | | |
| ----- | | | 12x | MB | RMS | D/C'd 3 May 83 | | | | | | | | | | | |
| ----- | | | 16 | JD | | 1700 cd | | | | | | | | | | | |
| ----- | | | 20 | 00 | | | | | | | | | | | | | |
| ----- | | | 24 | ξc | | | | | | | | | | | | | |
| 2 May 83 | PL | Aluminum hydroxide gel 60cc q4h po (Alternate on 2 hr schedule with Mylanta) | 02 | ✓ | ξc | | | | | | | | | | | | |
| ----- | | | 06 | | ξc | | | | | | | | | | | | |
| ----- | | | 10 | ✓ | RMS | | | | | | | | | | | | |
| ----- | | | 14 | | JD | | | | | | | | | | | | |
| ----- | | | 18 | 00 | | | | | | | | | | | | | |
| ----- | | | 22 | 00 | | | | | | | | | | | | | |
| 3 May | CA | Change antacids to Mylanta 30cc + Aluminum hydroxide gel 30cc q 4hr | 04 | ✓ | ξc | MB | | | | | | | | | | | |
| ----- | | | 08 | ✓ | MB RMS | | | | | | | | | | | | |
| ----- | | | 12 | ✓ | MB | | | | | | | | | | | | |
| ----- | | | 16 | ✓ | JD | | | | | | | | | | | | |
| | | | 20 | ✓ | US JD | | | | | | | | | | | | |
| | | | 24 | ✓ | ξc MB | | | | | | | | | | | | |
| 3 May | CA | Aluminum Hydroxide gel 30cc q 4° | 02 | ✓ | ξc MB | | | | | | | | | | | | |
| ----- | | | 06 | ✓ | ξc MB | | | | | | | | | | | | |
| ----- | | | 10 | ✓ | MB RMS | | | | | | | | | | | | |
| ----- | | | 14 | ✓ | JD | | | | | | | | | | | | |
| ----- | | | 18 | ✓ | JD | | | | | | | | | | | | |

ALLERGIES: ☐ YES  ☒ NO   PRIMARY DIAGNOSIS: Duodenal Ulcer

ADDITIONAL PAGES IN USE: ☒ YES  ☐ NO   PAGE NO. 1

PATIENT IDENTIFICATION:

161 80 20 16458 30 95   D2

REAVES JOSEPH O   SP4

A BTRY 1\30TH FA   AAA

DISPENSING TIMES

USE PENCIL, CIRCLE MED TIMES

| D | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| E | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| N | 23 | 24 | 01 | 02 | 03 | 04 | 05 | 06 |

DA FORM 4678   1 FEB 79

EDITION OF 1 DEC 77 WILL BE USED UNTIL EXHAUSTED.

REAVES

Dr. Thomason

| CLINICAL RECORD | | MEDICATION ADMINISTRATION RECORD (MAR PLAN) For use of this form, see AR 40-407; the proponent agency is the Office of The Surgeon General. | | | | | | | | | | | | | | | Mo. _May_ Yr. _83_ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| VERIFY BY INITIALING | | | | *INITIAL PROPER COLUMN FOLLOWING EACH ADMINISTRATION* | | | | | | | | | | | | | |
| ORDER DATE | CLERK/ NURSE | RECURRING MEDICATIONS, DOSE, FREQUENCY | HR | DATE DISPENSED | | | | | | | | | | | | | |
| | | | | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 3 May 83 | -ll | Aluminum Hydroxide gel | 22 | P | P | | | | | | | | | | | | |
| | - - - - - | 30cc po q 4° | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |
| | - - - - - | | | | | | | | | | | | | | | | |

ALLERGIES: ☐ YES ☒ NO    PRIMARY DIAGNOSIS:

Duodenal Ulcer

ADDITIONAL PAGES IN USE: ☐ YES ☐ NO

PAGE NO. _2_

PATIENT IDENTIFICATION:

161,80 DO 16453 30 yr   DS

REAVES JOSEPH O  3P4

A BTRY 1\30TH FA   AAA

DISPENSING TIMES

USE PENCIL. CIRCLE MED TIMES

D   7  8  9  10  11  12  13  14

E   15  16  17  18  19  20  21  22

N   23  24  01  02  03  04  05  06

DA FORM 4678 1 FEB 79   EDITION OF 1 DEC 77 WILL BE USED UNTIL EXHAUSTED.

Reaves                    Dr. Thomason

THERAPEUTIC DOCUMENTATION CARE PLAN
(NON MEDICATION)

Mo _May_ Yr. 83

| Order Date | Clerk Nurse | SINGLE ACTIONS | Date to be Done | Time to be Done | Time Done | Initials |
|---|---|---|---|---|---|---|
| 2 May | LP | Admit D2 Cond. Stable | 2 May 83 PM | 1900 | ao |
| 5 May 83 | PP | Discharge | 5 May 83 AM | done | PP |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

| Order/ Expir Date | Clerk/ Nurse | PRN ACTION, FREQUENCY | INITIAL PROPER COLUMN FOLLOWING COMPLETION TIME/DATE COMPLETED |
|---|---|---|---|

32.

NURSING NOTES
(Sign all notes.)

OBSERVATIONS

Include medication and treatment when indicated

| DATE | HOUR | | OBSERVATIONS |
| | A.M. | P.M. | |
|------|------|------|--------------|
| 5May 83 | 0930 | | (Cont') Discharge note. Pt verbalizing understanding of discharge instructions & disease process. Refer to client discharge instruction form DA 4700 for further information. Linda J Siegerin |

# CLINICAL RECORD - THERAPEUTIC DOCUMENTATION CARE PLAN (MEDICATIONS)

the proponent agency is the Office of The Surgeon General.

Mo. May Yr. 83

VERIFY BY INITIALING

INITIAL PROPER COLUMN FOLLOWING EACH ADMINISTRATION

| ORDER DATE | CLERK/ NURSE | RECURRING MEDICATIONS, DOSE, FREQUENCY | HR | DATE DISPENSED | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 1 May 3 | JM | Tagamet 300 mgm q6 hr. | 06 | / | ge | ge | MB | | | | | | | | | | |
| ----- | | | 12 | / | MB | DW | | | | | | | | | | | |
| ----- | | | 18 | DW | DW | | | | | | | | | | | | |
| ----- | | | 24 | ge | ge | | | | | | | | | | | | |
| 2 May 3 | JM | Mylanta 60cc q4hr po | 04 | / | ge | | | | | | | | | | | | |
| ----- | | | 08 | / | MB | | | | | | | | | | | | |
| ----- | | | 12 | / | MB | D/C'd 3 May 83 | | | | | | | | | | | |
| ----- | | | 16 | / | JS | 1700 cb | | | | | | | | | | | |
| ----- | | | 20 | DW | | | | | | | | | | | | | |
| ----- | | | 24 | ge | | | | | | | | | | | | | |
| 2 May 83 | JM | Aluminum hydroxide gel 60cc q4h po (alternate on 2 hr schedule with Mylanta) | 22 | / | ge | | | | | | | | | | | | |
| ----- | | | 06 | / | ge | | | | | | | | | | | | |
| ----- | | | 10 | / | DW | | | | | | | | | | | | |
| ----- | | | 14 | / | JS | | | | | | | | | | | | |
| ----- | | | 18 | DW | | | | | | | | | | | | | |
| ----- | | | 22 | DW | | | | | | | | | | | | | |
| 3 May | ge | Change antacids to Mylanta 30cc + aluminum hydroxide gel 30cc q 4hr | 04 | / | ge | MB | | | | | | | | | | | |
| ----- | | | 08 | / | DW | | | | | | | | | | | | |
| ----- | | | 12 | / | DW | | | | | | | | | | | | |
| ----- | | | 16 | / | MB | | | | | | | | | | | | |
| | | | 20 | / | DW | DW | | | | | | | | | | | |
| | | | 24 | / | ge | MB | | | | | | | | | | | |
| 3 May | ge | Aluminum Hydroxide gel 30cc q 4° | 02 | / | ge | MB | | | | | | | | | | | |
| | | | 06 | / | ge | MB | | | | | | | | | | | |
| | | | 10 | / | DW | | | | | | | | | | | | |
| | | | 14 | / | JS | | | | | | | | | | | | |
| | | | 18 | / | DW | | | | | | | | | | | | |

ALLERGIES: ☐ YES ☒ NO

PRIMARY DIAGNOSIS: Duodenal Gastric Ulcer

ADDITIONAL PAGES IN USE: ☒ YES ☐ NO

PAGE NO. 1

PATIENT IDENTIFICATION:

161 PO 20 16458 30 95    D2

REAVES JOSEPH O   3P4

A BTRY 1\30TH FA    AAA

DISPENSING TIMES

USE PENCIL, CIRCLE MED TIMES

D   7  8  9  10  11  12  13  14

E   15  16  17  18  19  20  21  22

N   23  24  01  02  03  04  05  06

DA FORM 4678
1 FEB 79

EDITION OF 1 DEC 77 WILL BE USED UNTIL EXHAUSTED.

REAVES

35

Dr. Thomason

16

| CLINICAL RECORD | | | THERAPEUTIC DOCUMENTATION CARE PLAN (NON-MEDICATION) For use of this form, see AR 40-407; the proponent agency is the Office of The Surgeon General. | | | | | | | | | | | Mo. May Yr. 83 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| VERIFY BY INITIALING | | | | INITIAL PROPER COLUMN FOLLOWING EACH COMPLETION | | | | | | | | | | | | |
| ORDER DATE | CLERK/ NURSE | RECURRING ACTIONS, FREQUENCY, TIME | | HR | DATE COMPLETED | | | | | | | | | | | |
| | | | | | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 2 May 83 | | Clteg Diet | | B | | 8c | | | | | | | | | | |
| | | | | L | | MB | | | D | Cd | | 3 | May | 83 | | |
| | | | | D | | 8P | | D | Dinner | | CH | | | | | |
| 2 May 83 | | Ward Privileges | | D | | MB | Gm | Cly | | | | | | | |
| | | | | E | CW | P | 8P | | | | | | | | |
| | | | | N | R | 8c | MB | | | | | | | | |
| 2 May 83 | | VS daily | | B | | MB | 8m | Cly | | | | | | | |
| 3 May 83 | CH | Starting in AM | | B | | 8c | Cly | | | | | | | | |
| 3 May 83 | | Diet as tolerated | | L | | 8m | Cly | | | | | | | | |
| | | Regular | | D | | 8P | | | | | | | | | |

ALLERGIES:  ☐ YES  ☒ NO
PRIMARY DIAGNOSIS:
2 May   Duodenal Ulcers  Pg 20

ADDITIONAL PAGES IN USE:
☐ YES  ☐ NO
PAGE NO: 1

PATIENT IDENTIFICATION:

161080 20 16458 30 93   D2

REAVES JOSEPH O  SP4

A BTRY 1\30TH FA   AAA

ACTION TIMES
USE PENCIL. CIRCLE ACTION TIMES

D  8  9  10  11  12  13  14  15
E  16  17  18  19  20  21  22  23
N  24  01  02  03  04  05  06  07

DA FORM 4677  1 OCT 78

REAVES

EDITION OF 1 DEC 77 MAY BE USED.

Dr. Thomason

19

| CLINICAL RECORD | | MEDICATION ADMINISTRATION RECORD (SELECTED ITEMS) For use of this form, see AR 40-407; the proponent agency is the Office of The Surgeon General. | | | | | | | | | | | | | | Mo. May Yr. 83 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| VERIFY BY INITIALING | | | | | INITIAL PROPER COLUMN FOLLOWING EACH ADMINISTRATION | | | | | | | | | | | | | |
| ORDER DATE | CLERK/ NURSE | RECURRING MEDICATIONS, DOSE, FREQUENCY | | HR | DATE DISPENSED | | | | | | | | | | | | | |
| | | | | | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 3 May 83 | ill | Aluminum Hydroxide gel 30cc po q 4° | | 22 | ℗ | ℗ | | | | | | | | | | | | |

ALLERGIES: ☐ YES ☒ NO  PRIMARY DIAGNOSIS: Duodenal Ulcer

ADDITIONAL PAGES IN USE: ☐ YES ☐ NO   PAGE NO. 2

PATIENT IDENTIFICATION:
161 80 FO 1n45s 30 y:  DS
REAVES JOSEPH O  SP4
A BTRY 1\30TH FA   AAA

DISPENSING TIMES

USE PENCIL. CIRCLE MED TIMES

D   7   8   9   10   11   12   13   14
E   15   16   17   18   19   20   21   22
N   23   24   01   02   03   04   05   06

DA FORM 4678  1 FEB 79    EDITION OF 1 DEC 77 WILL BE USED UNTIL EXHAUSTED.

Reaves      36      Dr. Thomuson



| MEDICAL RECORD | | VITAL SIGNS RECORD | | | | | | |
|---|---|---|---|---|---|---|---|---|
| HOSPITAL DAY | | 1 | 2 | 3 | 4 | 5 | 6 | 7 |

PATIENT'S IDENTIFICATION (For typed or written entries give: Name—last, first, middle; rank; rate; hospital or medical facility)

REAVES JOSEPH O   SP4

511–112
A BTRY 1\30TH FA    AAA

REGISTER NO.

WARD NO.   D2

VITAL SIGNS RECORD

STANDARD FORM 511 (REV. 9–79)
Prescribed by GSA and Interagency
Committees on Medical Records
FPMR (41 CFR) 101–11.806–8

☆ GPO : 19    – 341-526 (7092)

EXHIBIT

D

SURETY RENEWAL: REPLACES PRP S͟ ͟ ͟ ͟ ͟EVALUATION ͟YTD  2 Dec 81.

## PERSON͟ ͟ ͟ ͟ ͟G AND EVALUA͟ ͟ ͟ON RECORD
For use of this form, see AR 5͟ ͟ ͟ ͟ ͟͟proponent agency is the Deputy Chief of Staff for Operations & Plans.

### PART I - PERSONNEL RECORDS SCREENING

| NAME OF INDIVIDUAL BEING SCREENED/EVALUATED | GRADE | SSN |
|---|---|---|
| REAVES, JOSEPH DARREN | ~~PV1~~ PFC | 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 |

PERSONNEL RECORDS HAVE BEEN REVIEWED IN ACCORDANCE WITH AR 50-5. INFORMATION ☐ IS  ☒ IS NOT  ATTACHED WHICH MAY PRECLUDE ASSIGNMENT. THE INDIVIDUAL POSSESSES A SECURITY CLEARANCE OF ☐ CONFIDENTIAL  ☐ SECRET

☐ TOP SECRET  BASED UPON A  ☒ ENTNAC  ☐ NAC  ☐ BI  GRANTED ON __31 Aug 81  (31 Aug 81)__
(Date)

| NAME AND GRADE OF OFFICIAL CONDUCTING SCREENING | SIGNATURE | DATE |
|---|---|---|
| CARMELO GONZALEZ, SP5, USA PRP TM CHIEF | *Carmelo Gonzalez* | 4 Mar 82 |

### PART II - MEDICAL RECORDS SCREENING

MEDICAL RECORDS HAVE BEEN REVIEWED IN ACCORDANCE WITH AR 50-5. INFORMATION ☐ IS  ☒ IS NOT  ATTACHED WHICH MAY PRECLUDE ASSIGNMENT.

| NAME AND GRADE OF PHYSICIAN | SIGNATURE | DATE |
|---|---|---|
| Lorenza Kyliavas CW2, PA-C | *Lorenza Kyliavas* | 15 Mar 82 |

### PART III - COMMANDER'S EVALUATION

INDIVIDUAL HAS BEEN EVALUATED IN ACCORDANCE WITH AR 50-5. INFORMATION REFLECTING POSSIBLE UNSUITABILITY HAS BEEN THOROUGHLY REVIEWED AND AR 600-37 COMPLIED WITH. I FIND HIM TO BE ☒ SUITABLE  ☐ UNSUITABLE  FOR ASSIGNMENT. ☐ TEMPORARILY SUSPENDED _____

| NAME, GRADE AND ORGANIZATION OF COMMANDING OFFICER | SIGNATURE | DATE |
|---|---|---|
| GEORGE K. DEVINE, JR. O-3, A BTRY 1/30th FA | *George K. Dev* | 16 Apr 82 |

### PART IV - BRIEFING CERTIFICATE

I HAVE BRIEFED THIS INDIVIDUAL ON THE RELIABILITY STANDARDS CONTAINED IN AR 50-5.

| DATE | ORGANIZATION | SIGNATURE OF INDIVIDUAL | SIGNATURE OF CO |
|---|---|---|---|
| 16 Apr 82 | A Btry 1-30 FA | *Joseph D. Reaves* | *George K. Dev* |
| 20 Jan 83 | A 1-30 FA | *Joseph D. Reaves* | *Chas K.* |

PRP Status administratively terminated (850125).

### PART V - DISQUALIFICATION (This part will be completed only upon disqualification IAW para 3-10 or 3-16, AR 50-5)

| DUTY MOS | DUTY POSITION TITLE | AGE | EDUCATIONAL LEVEL |
|---|---|---|---|
|  |  |  |  |

AR 600-37 COMPLIED WITH  ☐ YES  ☐ NO

INDIVIDUAL'S STATUS AT TIME OF DISQUALIFICATION
☐ BEING SCREENED FOR NUCLEAR DUTY POSITION
☐ ASSIGNED TO NUCLEAR DUTY POSITION
☐ BEING SCREENED PRIOR TO ATTENDING TRAINING AT SERVICE SCHOOL
☐ ATTENDING SERVICE SCHOOL

REASON FOR DISQUALIFICATION (See para 3-4, AR 50-5)

| NAME, GRADE, ORGANIZATION OF COMMANDING OFFICER | SIGNATURE | DATE |
|---|---|---|
|  |  |  |

### PART VI - RECORDS IDENTIFICATION

THIS FORM IS FILED IN MEDICAL OR PERSONNEL RECORDS TO IDENTIFY AN INDIVIDUAL WHOSE CURRENT DUTY POSITION REQUIRES A HIGH DEGREE OF STABILITY. ANY CHANGE IN THIS INDIVIDUAL'S MEDICAL CONDITION WHICH COULD REFLECT ON STABILITY OR RELIABILITY IN ANY WAY MUST BE REPORTED ON A DA FORM 3349 TO THE COMMANDING OFFICER. MEDICATION OR TREATMENT, EVEN IF TEMPORARY, SHOULD BE EVALUATED FOR ITS IMPACT ON PERFORMANCE. ANY INFORMATION RECEIVED FOR ENTRY INTO PERSONNEL RECORDS WHICH REFLECTS ON STABILITY OR RELIABILITY MUST BE REPORTED TO THE COMMANDING OFFICER.

DA ͟ FORM ͟ 3180    REPLACES DA FORMS 2706, 1 AUG 63, 3179, 1 SEP 66; 3180,

COPY 1

D1

DA FORM 2-1 1 JAN 73

# SECTION I – IDENTIFICATION DATA

1. NAME
REAVES JOSEPH DARREN

2. SSN
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

## SECTION II – CLASSIFICATION AND ASSIGNMENT DATA

MOSC
820203

| | | MOS EVALUATION SCORES | | | | | | |
|---|---|---|---|---|---|---|---|---|
| YR & MO | SCORE | YR & MO | SCORE | YR & MO | SCORE | YR & MO | SCORE | |

ASSIGNMENT CONSIDERATIONS

### OVERSEA SERVICE

| FROM | THRU | AREA AND COUNTRY | MO | TYPE NTC | CONT | DEPN | |
|---|---|---|---|---|---|---|---|
| 820203 | 841004 | EURA-GERMANY | 32 | NO / YES | | ARR OS | CONT |

## SECTION II – CLASSIFICATION AND ASSIGNMENT DATA (Continued)

### 6. MILITARY OCCUPATIONAL SPECIALTIES

| MOSC | TITLE | DATE |
|---|---|---|
| 13B10 MS Cannon Crewman | | 820121 |

### 7. AVIATION ASI & GUNNERY QUALIFICATION

| AIRCRAFT | | INSTR PILOT | | GUNNERY QUALIFICATION CONT | | |
|---|---|---|---|---|---|---|
| F/W | R/W | F/W | R/W | TNG | INSTR | GUNNERY SYSTEM |

### 9. AWARDS, DECORATIONS & CAMPAIGNS

ASR-1 (CSR(1))

### 11. AMERICAN BOARD CERTIFICATION & LICENSES OR CERTIFICATES HELD

RIFLE M-16/ EX/QUAL BAD (83019
HAND GREN/ EX/QUAL BAD (81116)

### 8. APTITUDE AREA SCORES CONT

| AREA | SCORE | AREA | SCORE | AREA | SCORE |
|---|---|---|---|---|---|
| GT | 76 | GT | 80 | | |
| GM | 71 | GM | 97 | | |
| EL | 76 | EL | 80 | | |
| CL | 85 | CL | 108 | | |
| MM | 74 | MM | 99 | | |
| SC | 77 | SC | 83 | | |
| CO | 80 | CO | 100 | | |
| FA | 93 | FA | 91 | | |
| ST | 75 | ST | 95 | | |
| | | OF | 114 | | |

### 10. OTHER TESTS CONT

| TEST | SCORE | DATE |
|---|---|---|
| WCB | S-A ELE | 841008 |
| DATE | 840172 | |
| PLACE | FORT BRAGG FEE | |

12. LANGUAGE PROFICIENCY

DA FORM 330 SUBMITTED    DATE

PERSONNEL QUALIFICATION RECORD – PART II

D2

## SECTION II — CLASSIFICATION AND ASSIGNMENT DATA (Continued)

**[13]**

| ORIGINAL | PILOT RATINGS | DATE | FLYING STATUS | CURRENT | DATE |
|---|---|---|---|---|---|

**[14]**

**[15] INSTRUMENT CERTIFICATION**

| | TYPE OR SERVICE | | | | CONT |

**[16] HOSPITAL/TEACHING APPOINTMENTS AND PRIVATE PRACTICE**
INTERNSHIPS, RESIDENCIES AND FELLOWSHIPS

| FROM | THRU | INSTITUTION/LOCATION | TYPE | MONTHS | CONT YEAR | CONT DURAT |
|---|---|---|---|---|---|---|
| HOSPITAL | | | | | | |

**[17] CIVILIAN EDUCATION AND MILITARY SCHOOLS**

| SCHOOL | MAJOR/COURSE/MOSC | DURAT | COMP | YEAR |
|---|---|---|---|---|
| John Bartram HS | General | 4Yrs | Yes | 80 |
| USAREC | HSAP | FA CRMMN 13B | 13 Wks | Yes | 82 |
| USAFAS | ATOMTC CM Q IN | 1 Wk: | Yes | 82 |
| USAEUR | HEADSTART | 2Wk | Yes | 82 |
| USAMMOS | AS-DS-PGC | 9Wks | YC2 | 84 |
| CCH.ALSTRC | ARM CUS AU | 1wk | Yes | 84 |

## SECTION III — SERVICE, TRAINING AND OTHER DATES

**[18] APPOINTMENTS AND REDUCTIONS**

| GRADE | COMP | EFFECTIVE DATE | DATE OF ELIG/RANK |
|---|---|---|---|
| PV1 | | 811006 | |
| PV2 | | 820406 | |
| PFC | | 820719 | |
| SP4 | | 830401 | |
| PFC | | 860605 | |
| PV1 | | 860615 | |

**19. SPECIALIZED TRAINING**

| SUBJECT | DATE | CONT |
|---|---|---|
| Geneva-Hague Conventions | ATP 21-114 (BCT) | |
| Military Justice | | |

**[20] BASIC ENLISTED SERVICE DATE (BESD)**

**[21]**

| FROM | THRU | TIME LOST (Sec 972, Title 10, USC) | | |
|---|---|---|---|---|
| | | DAYS | REASON | CONT |

## SECTION IV — PERSONAL AND FAMILY DATA

**22. PHYSICAL STATUS**

| HEIGHT | WEIGHT | GLASSES |
|---|---|---|
| 71 | 172 | ☐ YES ☒ NO |

**23.** PLACE OF BIRTH AND CITIZENSHIP

Pennsylvania

**24. DATE OF EXAM** 810715

**25.** CITIZENSHIP OF SPOUSE

**26.** SELF Pennsylvania

SPOUSE

NUMBER OF DEPENDENTS
ADULT 1 CHILDREN 1

HOME OF RECORD/ADDRESS HCR Philadelphia

DUTIES PERFORMED

JOB TITLE: None

DOT CODE

CIVILIAN OCCUPATION
CRITICAL OCCUPATION ☐ YES ☐ NO
NO. MONTHS EMPLOYED   MOSC

EMPLOYER

STD CF CDT  ,81 11005
RACE REL 1  81 10 22
OSUI  8201 21

D3

35.

| EFFECTIVE DATE | DUTY MOSC | PRINCIPAL DUTY | ORGANIZATION AND STATION OR OVERSEA COUNTRY | NOW RATED DAYS BP Y R/MO | NOW RATED DAYS EP Y R/MO | TYPE REPORT |
|---|---|---|---|---|---|---|
| 811006 | RES 8107-8110 Delayed Entry Program PV1 | | USARECSTA FT SILL OK | -- | -- | None |
| 811016 | 13B00 | OSUT Enlistment | Btry A 2d FA Gp Bn USAFATC Ft Sill OK 73503 | - | - | None |
| 811218 | 13B10 | ASST GUNNER | D Btry 2d Bn 27th FA GERMANY | | | None |
| 820208 | 13B10 | ASST GUNNER | ENROUTE TO GERMANY | | | None |
| 820208 | 13B10 | ASST GUNNER | B BTRY 2d B 27th FA GERMANY | - | - | NONE |
| 820214 | 13B10 | ASSEMBLER | A Btry 1/20th FA Germany | | | None |
| 820210 | | CASUAL | ENROUTE: TO AUGSBURG GERMANY | | | |
| 820210 | | CASUAL | ENROUTE: TO AUGSBURG GERMANY | | | |
| 13B20214 | 13B10M5 | ASSEMBLER | A Btry 1/20th FA Germany | - | - | None |
| 13B20210 | 13B10M5 | CASUAL | ENROUTE TO CONUS | - | - | |
| 841004 | | CASUAL | A Btry 1/30th FA Germany | | | |
| 841105 | 55B00 | STUDENT | ENROUTE TB CONUS | | | |
| 850125 | 55B10 | AMMO STORAGE ASST | 49th ORD FT RILEY KS | | | |

RECORD OF ASSIGNMENTS

— Fold Here —

D-4

**27 REMARKS**

## SECTION V — MISCELLANEOUS

| 28 ITEM NO. | DATA | ITEM CONTINUATION |
|---|---|---|
| | | |

## SECTION IX — RESERVE COMPONENT DATA

32a. READY RESERVE OBLIGATION EXPIRATION DATE:

b. DA FORM 3726 OR 3726-1 AGREEMENT EXPIRATION DATE:

c. SERVICE OBLIGATION EXPIRATION DATE:

d. MANDATORY REMOVAL FROM ACTIVE STATUS:

e. RETIREMENT YEAR ENDING DATE:

| 33. PREPARED 811008 | DATE REVIEWED | 34. SIGNATURE |
|---|---|---|
| | 860604 | Joseph O. (signature) |

29 DATE DA FORM 20B PREPARED:

30 DATE DUPLICATE DA FORM 2-1 SUBMITTED:

**31 REPORT OF CHANGES**

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 | 35 | 36 | 37 | 38 | 39 | 40 | 41 | 42 | 43 | 44 | 45 | 46 |
| 47 | 48 | 49 | 50 | 51 | 52 | 53 | 54 | 55 | 56 | 57 | 58 | 59 | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 | 69 |
| 70 | 71 | 72 | 73 | 74 | 75 | 76 | 77 | 78 | 79 | 80 | 81 | 82 | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | |

D5

EXHIBIT

E



**DEPARTMENT OF THE ARMY**
**OFFICE OF THE SURGEON GENERAL**
**5109 LEESBURG PIKE**
**FALLS CHURCH, VA  22041-3258**

AUG 1 7 2010

REPLY TO
ATTENTION OF

Health Policy and Services

Mr. Joseph Reaves AS1536
Box 244
Graterford, PA  19426-0244

Dear Mr. Reaves:

I enclosed the copies of Changes 32-34 to AR 40-501 that apply to the time period that you requested.

I hope this information will assist you in your application to the Army Board for the Correction of Military Records.  Should you have additional questions or concerns, please do not hesitate to contact me at the above address.

Sincerely,

Rea M. Nuppenau
Medical Standards Staff Officer

E-1



**DEPARTMENT OF THE ARMY**
OFFICE OF THE SURGEON GENERAL
5109 LEESBURG PIKE
FALLS CHURCH, VA  22041-3258

REPLY TO
ATTENTION OF

Health Policy and Services

29 December 2010

Mr. Joseph Reaves AS1536
Box 244
Graterford, PA  19426-0244

Dear Mr. Reaves:

Enclosed are copies of the requested sections from AR 40-501, Standards of Medical Fitness that were applicable in the requested time frames.  PTSD was not specifically identified in AR 40-501 in the requested time period of 1982-1983.  The pages dated 1980 were applicable until 1983.  There was no change to the 1983 retention standard for peptic ulcer for 1986.  I included the first part of Chapter 3 for each of the time frames that may provide additional information.  I think the most important piece of information that you must provide is your medical condition prevented you from doing your military duties.

AR 40-501 does not address ratings for any medical conditions, so I would not have the other information that you have requested.

I hope this additional information will assist you in your application to the Army Board for the Correction of Military Records.  Should you have additional questions or concerns, please do not hesitate to contact me at 703-681-3157 or email rea.nuppenau@amedd.army.mil.

Sincerely,

Rea M. Nuppenau
Medical Standards Staff Officer

E-2

AR 40–501
*C 34

CHANGE }
No. 34 }

HEADQUARTERS
DEPARTMENT OF THE ARMY
WASHINGTON, DC, *1 December 1983*

MEDICAL SERVICES

# STANDARDS OF MEDICAL FITNESS

*Effective 1 January 1984*

*This change incorporates policy changes, changes in standards of medical fitness and other administrative and professional refinements. It consolidates information previously published as interim changes.*

*Interim changes are not official unless they are authenticated by The Adjutant General. Users will destroy interim changes on their expiration dates unless sooner superseded or rescinded.*

*This publication does not contain information that affects the New Manning System.*

AR 40–501, 5 December 1960, is changed as follows:

1. New or changed material is indicated by a star.
2. Remove old pages and insert new pages as indicated below:

| *Remove* | *Insert* |
|---|---|
| Cover 1 and title page (cover 2) | Cover 1 and title page (cover 2) |
| i through iv | i through iv |
| 2–1 through 2–19 | 2–1 through 2–19 |
| 3–3 (C 32 page) through 3–4.1 | 3–4.1 and 3–4.2 |
| 3–9 through 3–10.1 | 3–9 through 3–10.1 |
| 3–13 through 3–16 | 3–13 through 3–16 |
| 4–1 through 4–11 | 4–1 through 4–20 |
| 5–1 through 5–6 | 5–1 through 5–5 |
| 6–1 through 6–4 | 6–1 through 6–4 |
| 6–7 and 6–8 | 6–7 and 6–8 |
| 6–11 through 6–14 | 6–11 through 6–14 |
| 7–1 through 7–10 | 7–1 through 7–12 |
| 8–1 through 8–5 | 8–1 through 8–5 |
| 9–1 through 9–11 | 9–1 through 9–12 |
| 10–1 through 10–18 | 10–1 through 10–31 |
| A2–1 | A2–1 |
| A3–1 through A3–4 | A3–1 and A3–2 |
| A5–1 | A5–1 |
| A8–1 and A8–2 | A8–1 and A8–2 |
| A9–1 through A9–8 | A9–1 through A9–9 |
| Index–1 through Index–27 | Index–1 through Index–31 |

3. File this change sheet in the front of the publication for reference purposes.

---

**\*This change supersedes Interim Change I06, 8 March 1983.**

E-3

D18

Case 1:16-cv-00141-ZNS   Document 1   Filed 01/29/16   Page 49 of 68

# CHAPTER 3
# ★MEDICAL FITNESS STANDARDS FOR RETENTION AND SEPARATION INCLUDING RETIREMENT
## (Short Title: RETENTION MEDICAL FITNESS STANDARDS)

### Section I. GENERAL

**3-1. Scope**

This chapter sets forth the various medical conditions and physical defects which may render a member unfit for further military service.

**3-2. Applicability**

a. These standards apply to the following individuals:

★(1) All officers and warrant officers of the Active Army, Army National Guard and Army Reserve. (See AR 135-175, AR 635-40, AR 635-100, NGR 635-100, and other appropriate regulations for administrative procedures for separation for medically unfitting conditions that existed prior to service.).

★(2) All enlisted members of the Regular Army, Army National Guard and Army Reserve. For those members who were found to have an EPTS medical condition/physical defect that should have precluded original enlistment (chapter 2) but not listed in this chapter, see paragraph 2-2 of this regulation, AR 635-200, or AR 135-178.

(3) Cadets of the United States Military Academy and the Army ROTC and Uniformed Services University of Health Sciences programs for whom the standards of this chapter have been made applicable pursuant to the provisions of paragraph 2-2e.

(4) Members who were placed on the Temporary Disability Retired List (see AR 635-40).

b. These standards do not apply in the following instances:

(1) Retention of officers, warrant officers, and enlisted personnel of the Active Army, Army National Guard, and Army Reserve in Army aviation, airborne, marine diving, ranger, or special forces training and duty, or other duties for which special medical fitness standards are prescribed.

(2) All officers, warrant officers, and enlisted personnel of the Active Army, Army National Guard, and Army Reserve who have been permanently retired.

**3-3. Policies**

a. Members with conditions listed in this chapter will be evaluated by a medical board and WILL BE REFERRED TO A PHYSICAL EVALUATION BOARD (except for members of the Reserve Components not on active duty). However, this chapter provides general guidelines and is not to be taken as a mandate to the effect that possession of one or more of the listed conditions means automatic retirement or separation from the service. Each case will be decided upon the relevant facts and a determination of fitness or unfitness will be made by the physical evaluation boards dependent upon the abilities of the member to perform the duties of his or her office, grade, rank or rating in such a manner as to reasonably fulfill the purpose of his or her employment in the military service. When a member is being processed for separation for reasons other than physical disability, his or her continued performance of duty until he or she is scheduled for separation for other purposes creates a presumption that the member is fit for duty. In cases where the medical board determines that the member's condition is such that referral to a physical evaluation board is not appropriate, the member may request, in writing, an additional review by the MTF commander of the medical board findings and recommendations. The MTF commander will provide the member with a written report of his or her review, a copy of which will be attached to the medical board proceedings. Cases that are not resolved in this manner will be forwarded to the Commander, United States Army Health Services Command, Fort Sam Houston, TX 78234 (for all medical treatment facilities in the 50 States, the Commonwealth of Puerto Rico, and medical treatment facilities in Panama), Chief

3-1

E-4   

Surgeon, United States Army, Europe, and Seventh Army, APO New York 09102 (for all medical treatment facilities in Europe) or the Surgeon, Eighth United States Army, Korea, APO San Francisco 96301 (for all medical treatment facilities in Korea and Japan).

*b.* The various medical conditions and physical defects which may render a member unfit to perform the duties of his or her office, grade, rank or rating by reason of physical disability are not all listed in this chapter. Further, an individual may be unfit because of physical disability resulting from the overall effect of two or more impairments even though no one of them, alone, would cause unfitness. A single impairment or the combined effect of two or more impairments may make an individual unfit because of physical disability if—

★(1) The individual is unable to perform the duties of his or her office, grade, rank, or rating in such a manner as to reasonably fulfill the purpose of his or her employment in the military service, worldwide under field conditions, or

(2) The individual's health or well-being would be compromised if he or she were to remain in the military service, or

(3) In view of the member's physical condition, his or her retention in the military service would prejudice the best interests of the Government (e.g., a carrier of communicable disease who poses a threat to others).

*c.* A member will not be referred to a physical evaluation board because of impairments which were known to exist at the time of his or her acceptance for military service, and which have remained essentially the same in degree of severity since acceptance and have not interfered with his or her performance of effective military service.

*d.* A member who has been continued in the military service under one of the programs for continuance of disabled personnel (chap 6, AR 635-40, AR 140-120 and NGR 40-501) will be referred to a physical evaluation board prior to separation or retirement processing.

*e.* Lack of motivation for service should not influence the medical examiner in evaluating disabilities under these standards except as it may be symptomatic of some disease process. Poorly motivated members who are medically fit for duty will be recommended for administrative disposition.

*f.* An individual who is accepted for and enters the military service is presumed to be in sound physical condition except for those conditions and abnormalities recorded in his or her procurement medical records. However, this presumption may be overcome by conclusive evidence that an impairment was incurred while the individual was not entitled to receive basic pay. Likewise, the presumption that an increase in severity of such an impairment is the result of service must be overcome by conclusive evidence. Statements of accepted medical principles used to overcome these presumptions must clearly state why the impairment could not reasonably have had its inception while the member was entitled to receive basic pay, or that an increase in severity represents normal progression.

*g.* An impairment, its severity, and effect on an individual may be assessed upon carefully evaluated subjective findings as well as upon objective evidence. Reliance upon this determination will rest basically upon medical principles and medical judgment; contradiction of those factors must be supported by conclusive evidence. Every effort will be made to accurately record the physical condition of all members throughout their Army career. It is important, therefore, that all medical conditions and physical defects which are present be recorded, no matter how minor they may appear.

## 3-4. Disposition of Members Who May be Unfit Because of Physical Disability

★*a.* Members who have one or more of the conditions listed in this chapter will be referred to a physical evaluation board as prescribed in AR 40-3 and AR 635-40. When mobilization fitness standards (chap 6) are in effect, or as directed by the Secretary of the Army, individuals who may be unfit under these standards but fit under the mobilization standards will not be referred to a physical evaluation board until termination of the mobilization or as directed by the Secretary of the Army. During mobilization, those who may be unfit under both retention and mobilization standards will be processed to determine their eligibility for physical disability

E-5

September 1983

C

benefits unless disability separation or retirement is deferred as indicated below.

*b.* Members on extended active duty who are being referred to a physical evaluation board under the provisions of this chapter will be advised

that they may apply for continuance on active duty as provided in chapter 6, AR 635–40.

★*c.* Members not on extended active duty who do not meet retention medical fitness standards (mobilization medical fitness standards when these

E-6

Case 1:16-cv-00141-ZNS   Document 1   Filed 01/29/16   Page 52 of 68

are in effect) will be processed as prescribed in AR 140–120 for members of the Army Reserve, or NGR 635–200, NGR 40–501, or NGR 40–3 for members of the Army National Guard of the United States, for disability separation or continuance in their Reserve status as prescribed in the cited regulations. Members of the Army National Guard and Army Reserve who may be unfit because of a disability resulting from injury incurred during a period of active duty training of 30 days or less, or active duty for training for 45 days ordered because of unsatisfactory performance of training duty, or inactive duty training will be processed as prescribed in AR 40–3 and AR 635–40.

d. Members on extended active duty who meet retention medical fitness standards, but may be administratively unfit or unsuitable will be reported to the appropriate commander for processing as provided in other regulations, such as AR 635–200.

e. Members on active duty who meet retention medical fitness standards, but who failed to meet procurement medical fitness standards on initial entry into the service (erroneous appointment, enlistment, or induction), may be processed for separation as provided in AR 635–120, AR 635–200, or AR 135–178 if otherwise qualified.

FOR ACTIVE ARMY MEMBERS, THE FOLLOWING SECTIONS II THROUGH XX SET FORTH, BY BROAD GENERAL CATEGORY, THOSE MEDICAL CONDITIONS AND PHYSICAL DEFECTS WHICH REQUIRE MEDICAL BOARD ACTION AND REFERRAL TO A PHYSICAL EVALUATION BOARD. (USAR AND ARNG MEMBERS NOT ON ACTIVE DUTY WILL BE PROCESSED IN ACCORDANCE WITH AR 135–175, AR 135–178, AR 140–10 and NGR 600–200, AS APPROPRIATE.)

## Section II. ABDOMEN AND GASTROINTESTINAL SYSTEM

**3–5. Abdominal and Gastrointestinal Defects and Diseases**

a. *Achalasia (Cardiospasm).* Dysphagia not controlled by dilatation, with continuous discomfort, or inability to maintain weight.

b. *Amebic abscess residuals.* Persistent abnormal liver function tests and failure to maintain weight and vigor after appropriate treatment.

c. *Biliary dyskinesia.* Frequent abdominal pain not relieved by simple medication, or with periodic jaundice.

d. *Cirrhosis of the liver.* Recurrent jaundice, ascites, or demonstrable esophageal varices or history of bleeding therefrom.

e. *Gastritis.* Severe, chronic hypertrophic gastritis and repeated symptomatology and hospitalization, and confirmed by gastroscopic examination.

f. *Hepatitis, chronic.* When, after a reasonable time (1 or 2 years) following the acute stage, symptoms persist, and there is objective evidence of impairment of liver function.

g. *Hernia.*

(1) *Hiatus hernia.* Severe symptoms not relieved by dietary or medical therapy, or recurrent bleeding in spite of prescribed treatment.

(2) *Other.* If operative repair is contraindicated for medical reasons or when not amenable to surgical repair.

h. *Ileitis, regional.*

i. *Pancreatitis, chronic.* Frequent abdominal pain of a severe nature; steatorrhea or disturbance of glucose metabolism requiring hypoglycemic agents.

j. *Peritoneal adhesions.* Recurring episodes of intestinal obstruction characterized by abdominal colicky pain, vomiting and intractable constipation requiring frequent admissions to the hospital.

k. *Proctitis, chronic.* Moderate to severe symptoms of bleeding, painful defecation, tenesmus, and diarrhea, and repeated admissions to the hospital.

l. *Ulcer, peptic, duodenal, or gastric.* Repeated hospitalization or "sick in quarters" because of frequent recurrence of symptoms (pain, vomiting, or bleeding) in spite of good medical management, and supported by laboratory and X-ray evidence of activity.

m. *Ulcerative colitis.* Except when responding well to treatment.





1 December 1983

*j. Myelopathy, transverse.*

*k. Narcolepsy.* When attacks are not controlled by medication.

*l. Paralysis agitans.*

*m. Peripheral nerve conditions.*

(1) *Neuralgia.* When symptoms are severe, persistent, and not responsive to treatment.

(2) *Neuritis.* When manifested by more than moderate, permanent functional impairment.

(3) *Paralysis due to peripheral nerve inju-*ry. When manifested by more than moderate, permanent functional impairment.

*n. Syringomyelia.*

*o. General.* Any other neurological condition, regardless of etiology, when after adequate treatment, there remain residuals, such as persistent severe headaches, convulsions not controlled by medications, weakness or paralysis of important muscle groups, deformity, incoordination, pain or sensory disturbance, disturbance of consciousness, speech or mental defects, or personality changes of such a degree as to definitely interfere with the performance of duty.

## ★Section XV. MENTAL DISORDERS

Diagnostic concepts and terms utilized in this section are in consonance with the Diagnostic and Statistical Manual, Third Edition (DSM–III), American Psychiatric Association, 1980.

### 3–29. Disorders with Psychotic Features

Mental disorders not secondary to stress, intoxication, infectious, toxic or other organic causes with gross impairment in reality testing resulting in interference with duty or social adjustment.

### 3–30. Affective Disorders (Mood Disorders)

Persistence or recurrence of symptoms sufficient to require extended or recurrent hospitalization, necessity for limitations of duty or duty in protected environment or resulting in interference with effective military performance.

### 3–31. Anxiety, Somatoform, or Dissociative Disorders (Alternatively may be addressed as Neurotic Disorders)

Persistence or recurrence of symptoms sufficient to require extended or recurrent hospitalization, necessity for limitations of duty or duty in protected environment or resulting in interference with effective military performance.

### 3–32. Organic Mental Disorders

Persistence of symptoms or associated personality change sufficient to interfere definitively with the performance of duty or social adjustment.

### 3–32.1. Personality, Psychosexual or Factitious Disorders; Disorders of Impulse Control Not Elsewhere Classified; Substance Use Disorders

These conditions may render an individual administratively unfit rather than unfit because of physical disability. Interference with performance of effective duty in association with these conditions will be dealt with through appropriate administrative channels.

### 3–32.2. Adjustment Disorders

Transient, situational maladjustments due to acute or special stress do not render an individual unfit because of physical disability, but may be the basis for administrative separation if recurrent and cause interference with military duty.

### 3–32.3. Disorders Usually First Evident in Infancy, Childhood or Adolescence

These disorders, to include primary mental deficiency or special learning defects, or developmental disorders do not render an individual unfit because of physical disability but may result in administrative unfitness if the individual does not show satisfactory performance of duty.

3–13

E-8

are in effect) will be processed as prescribed in AR 140–120 for members of the Army Reserve, or NGR 635–200, NGR 40–501, or NGR 40–3 for members of the Army National Guard of the United States, for disability separation or continuance in their Reserve status as prescribed in the cited regulations. Members of the Army National Guard and Army Reserve who may be unfit because of a disability resulting from injury incurred during a period of active duty training of 30 days or less, or active duty for training for 45 days ordered because of unsatisfactory performance of training duty, or inactive duty training will be processed as prescribed in AR 40–3 and AR 635–40.

*d.* Members on extended active duty who meet retention medical fitness standards, but may be administratively unfit or unsuitable will be reported to the appropriate commander for processing as provided in other regulations, such as AR 635–200.

*e.* Members on active duty who meet retention medical fitness standards, but who failed to meet procurement medical fitness standards on initial entry into the service (erroneous appointment, enlistment, or induction), may be processed for separation as provided in AR 635–120, AR 635–200, or AR 135–178 if otherwise qualified.

FOR ACTIVE ARMY MEMBERS, THE FOLLOWING SECTIONS II THROUGH XX SET FORTH, BY BROAD GENERAL CATEGORY, THOSE MEDICAL CONDITIONS AND PHYSICAL DEFECTS WHICH REQUIRE MEDICAL BOARD ACTION AND REFERRAL TO A PHYSICAL EVALUATION BOARD. (USAR AND ARNG MEMBERS NOT ON ACTIVE DUTY WILL BE PROCESSED IN ACCORDANCE WITH AR 135–175, AR 135–178, AR 140–10 and NGR 600–200, AS APPROPRIATE.)

## Section II. ABDOMEN AND GASTROINTESTINAL SYSTEM

**3–5. Abdominal and Gastrointestinal Defects and Diseases**

*a. Achalasia (Cardiospasm).* Dysphagia not controlled by dilatation, with continuous discomfort, or inability to maintain weight.

*b. Amebic abscess residuals.* Persistent abnormal liver function tests and failure to maintain weight and vigor after appropriate treatment.

*c. Biliary dyskinesia.* Frequent abdominal pain not relieved by simple medication, or with periodic jaundice.

*d. Cirrhosis of the liver.* Recurrent jaundice, ascites, or demonstrable esophageal varices or history of bleeding therefrom.

*e. Gastritis.* Severe, chronic hypertrophic gastritis and repeated symptomatology and hospitalization, and confirmed by gastroscopic examination.

*f. Hepatitis, chronic.* When, after a reasonable time (1 or 2 years) following the acute stage, symptoms persist, and there is objective evidence of impairment of liver function.

*g. Hernia.*

(1) *Hiatus hernia.* Severe symptoms not relieved by dietary or medical therapy, or recur-

rent bleeding in spite of prescribed treatment.

(2) *Other.* If operative repair is contraindicated for medical reasons or when not amenable to surgical repair.

*h. Ileitis, regional.*

*i. Pancreatitis, chronic.* Frequent abdominal pain of a severe nature; steatorrhea or disturbance of glucose metabolism requiring hypoglycemic agents.

*j. Peritoneal adhesions.* Recurring episodes of intestinal obstruction characterized by abdominal colicky pain, vomiting and intractable constipation requiring frequent admissions to the hospital.

*k. Proctitis, chronic.* Moderate to severe symptoms of bleeding, painful defecation, tenesmus, and diarrhea, and repeated admissions to the hospital.

*l. Ulcer, peptic, duodenal, or gastric.* Repeated hospitalization or "sick in quarters" because of frequent recurrence of symptoms (pain, vomiting, or bleeding) in spite of good medical management, and supported by laboratory and X-ray evidence of activity.

*m. Ulcerative colitis.* Except when responding well to treatment.

3–4.1.



EXHIBIT

F



## DEPARTMENT OF VETERANS AFFAIRS
### REGIONAL OFFICE AND INSURANCE CENTER
### P O BOX 8079
### PHILADELPHIA  PA  19101

### Joseph D. Reaves

### VA File Number
### 164 58 3092

### Represented by:
### DISABLED AMERICAN VETERANS

### Decision Review Officer Decision
### February 29, 2012

## INTRODUCTION

The records reflect that you are a veteran of the Peacetime.  You served in the Army from October 6, 1981 to October 5, 1984 and from October 6, 1984 to November 10, 1986. We received your Substantive Appeal on May 22, 2008.  Based on a review of the evidence listed below, we have made the following decision on your appeal.

## DECISION

Service connection for chronic gastritis with peptic ulcer disease (claimed as gastrointestinal disorder) is granted with an evaluation of 10 percent effective September 14, 2000.

## EVIDENCE

- VA Form 21-526, Application for Compensation and/or Pension received September 14, 2000
- Service treatment records for the period October 8, 1981, through October 5, 1984

F-1

- VA letter dated December 12, 2008
- Progress Notes, SCI Graterford, dated November 15, 1990, through February 20, 2008
- VA examination conducted at SCI Graterford on March 8, 2009
- Statements from you that pertain to gastrointestinal disorder dated June 1, 2008; September 9, 2008; January 2, 2009; April 21, 2009; June 28, 2009

## REASONS FOR DECISION

### Service connection for chronic gastritis with peptic ulcer disease (claimed as gastrointestinal disorder).

In regards to your appeal, we are granting service connection for chronic gastritis with peptic ulcer disease based on evidence showing the condition developed during your first period of military service that was deemed honorable for the purposes of VA benefits.

We have assigned a 10 percent evaluation following a review of all medical evidence dating back to 1990. An evaluation of 10 percent is assigned if there are small nodular lesions and symptoms.

Service treatment records indicate that you were treated for an ulcer during your first period of service.

Treatment records from SCI Graterford beginning in November, 1990, note various complaints of epigastric distress treated with Tagament.

At your VA examination conducted on March 8, 2009, you reported in service treatment for an ulcer in 1983. You continued to have symptoms thereafter and were treated in 1994 at the prison infirmary for severe gastritis. You report that approximately three to four times per year you will have an exacerbation of the epigastric distress that could last up to two weeks. You follow a bland diet and have been prescribed Tagament and a form of antacid that proves to be effective in relieving the distress. Physical examination found you to be in no acute distress with a healthy appearance. The abdomen revealed mid epigastric tenderness without rebound. There was no organmegaly and bowel sounds were normal. Diagnosis provided is peptic ulcer disease and chronic gastritis that are opined to be related to the treatment in service for an ulcer.

The medical evidence does not demonstrate multiple small eroded or ulcerated areas with associated symptoms to assign a higher evaluation.

The effective date of the grant of service connection is September 14, 2000, the date the claim was received within the Department of Veterans Affairs since it has been continuously prosecuted since that date.

F-2

| **Decision Review Officer Decision** | *Department of Veterans Affairs* **REGIONAL OFFICE AND INSURANCE CENTER** | | | Page 1 02/29/2012 |
|---|---|---|---|---|
| NAME OF VETERAN Joseph D. Reaves | VA FILE NUMBER 164 58 3092 | SOCIAL SECURITY NR 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 | POA DISABLED AMERICAN VETERANS | COPY TO |

| **ACTIVE DUTY** | | | |
|---|---|---|---|
| EOD | RAD | BRANCH | CHARACTER OF DISCHARGE |
| 10/06/1981 | 10/05/1984 | Army | Honorable for VA Purposes |
| 10/06/1984 | 11/10/1986 | Army | Dishonorable for VA Purposes |

| **LEGACY CODES** | | | |
|---|---|---|---|
| ADD'L SVC. CODE | COMBAT CODE | SPECIAL PROV CDE | FUTURE EXAM DATE |
| | 1 | | None |

**JURISDICTION:** Substantive Appeal Received 05/22/2008

**ASSOCIATED CLAIM(s):** 174; DRO Decision; 02/29/12

**SUBJECT TO COMPENSATION (1. SC)**

7307        CHRONIC GASTRITIS WITH PEPTIC ULCER DISEASE (CLAIMED AS GASTROINTESTINAL DISORDER)
Service Connected, Peacetime, Incurred
Static Disability
10% from 09/14/2000

*COMBINED EVALUATION FOR COMPENSATION :*

10% from 09/14/2000

**NOT SERVICE CONNECTED/NOT SUBJECT TO COMPENSATION (8.NSC Peacetime)**

5010-5257        TRAUMATIC CHONDROMALACIA, RIGHT KNEE/LEG
Not Service Connected, Not Incurred/Caused by Service

5299-5294        CHRONIC REFRACTORY SACROILIITIS BILATERALLY (CLAIMED BUTTOCK AND BACK CONDITIONS)
Not Service Connected, Not Incurred/Caused by Service

6100        BILATERAL HEARING LOSS
Not Service Connected, Not Incurred/Caused by Service

R-3

| Decision Review Officer Decision | Department of Veterans Affairs REGIONAL OFFICE AND INSURANCE CENTER | | | Page 2 02/29/2012 |
|---|---|---|---|---|

| NAME OF VETERAN Joseph D. Reaves | VA FILE NUMBER 164 58 3092 | SOCIAL SECURITY NR 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 | POA DISABLED AMERICAN VETERANS | COPY TO |
|---|---|---|---|---|

6599-6516      ANY THROAT CONDITION
Not Service Connected, Not Incurred/Caused by Service

7101      HYPERTENSION
Not Service Connected, Not Incurred/Caused by Service

7199-7118      CHOLINERGIC URTICARIA (CLAIMED AS RASH AND SKIN IRRITATIONS)
Not Service Connected, Not Incurred/Caused by Service

7399-7312      ANY LIVER CONDITION
Not Service Connected, Not Incurred/Caused by Service

7813      LEFT FOOT FUNGUS
Not Service Connected, Not Incurred/Caused by Service

7813      FUNGUS OF THE HANDS AND FINGERS
Not Service Connected, Not Incurred/Caused by Service

7813      ONYCHOMYCOSIS, RIGHT FOOT (CLAIMED AS FOOT FUNGUS)
Not Service Connected, Not Incurred/Caused by Service

7813      TINEA CRURIS (CLAIMED AS GENITAL FUNGUS)
Not Service Connected, Not Incurred/Caused by Service

9399-9326      ALCOHOLISM AND DRUG ADDICTION (WILLFUL MISCONDUCT)
Not Service Connected, Not in Line of Duty

9411      POST TRAUMATIC STRESS DISORDER [PTSD/Other/Unknown-PTSD]
Not Service Connected, Not Incurred/Caused by Service

9499-9413      ANY MENTAL DISORDER (CLAIMED AS DEPRESSION AND ANXIETY)
Not Service Connected, Not Incurred/Caused by Service

F-4

| Decision Review Officer Decision | Department of Veterans Affairs REGIONAL OFFICE AND INSURANCE CENTER | | | Page 3 02/29/2012 |
|---|---|---|---|---|
| NAME OF VETERAN Joseph D. Reaves | VA FILE NUMBER 164 58 3092 | SOCIAL SECURITY NR 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 | POA DISABLED AMERICAN VETERANS | COPY TO |

LD DRO

F - 5

STANDARD FORM 93
JANUARY 1971
GSA FPMR 101–11.8

Approved
Office of Management and Budget No. 29–R0191

# REPORT OF MEDICAL HISTORY

**(THIS INFORMATION IS FOR OFFICIAL AND MEDICALLY-CONFIDENTIAL USE ONLY AND WILL NOT BE RELEASED TO UNAUTHORIZED PERSONS)**

| 1. LAST NAME—FIRST NAME—MIDDLE NAME | 2. SOCIAL SECURITY OR IDENTIFICATION NO. |
|---|---|
| Reaves Joseph Darren | 164 - 58 - 3092 |

| 3. HOME ADDRESS (No. street or RFD, city or town, State, and ZIP CODE) | 4. POSITION (Title, grade, component) |
|---|---|
| 1940 South 56th Street Philadelphia, Pennsylvania 19143 | E-4 |

| 5. PURPOSE OF EXAMINATION | 6. DATE OF EXAMINATION | 7. EXAMINING FACILITY OR EXAMINER, AND ADDRESS (Include ZIP Code) |
|---|---|---|
| Re-pl | 8 Nov 83 | USAHC AUGSBURG APO NY 09178 |

**8. STATEMENT OF EXAMINEE'S PRESENT HEALTH AND MEDICATIONS CURRENTLY USED** (Follow by description of past history, if complaint exists)

I Am in very good Health And At this time I'm not on any medication.

**9. HAVE YOU EVER** (Please check each item)

| YES | NO | (Check each item) |
|---|---|---|
| | ✓ | Lived with anyone who had tuberculosis |
| ✓ | | Coughed up blood |
| | ✓ | Bled excessively after injury or tooth extraction |
| | ✓ | Attempted suicide |
| | ✓ | Been a sleepwalker |

**10. DO YOU** (Please check each item)

| YES | NO | (Check each item) |
|---|---|---|
| | ✓ | Wear glasses or contact lenses |
| ✓ | | Have vision in both eyes |
| | ✓ | Wear a hearing aid |
| | ✓ | Stutter or stammer habitually |
| | ✓ | Wear a brace or back support |

**11. HAVE YOU EVER HAD OR HAVE YOU NOW** (Please check at left of each item)

| YES | NO | DON'T KNOW | (Check each item) | YES | NO | DON'T KNOW | (Check each item) | YES | NO | DON'T KNOW | (Check each item) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | ✓ | | Scarlet fever, erysipelas | | ✓ | | Cramps in your legs | | ✓ | | "Trick" or locked knee |
| ✓ | | | Rheumatic fever | | ✓ | | Frequent indigestion | | ✓ | | Foot trouble |
| ✓ | | | Swollen or painful joints | ✓ | | | Stomach, liver, or intestinal trouble | | ✓ | | Neuritis |
| ✓ | | | Frequent or severe headache | | ✓ | | Gall bladder trouble, or gallstones | | ✓ | | Paralysis (include infantile) |
| | ✓ | | Dizziness or fainting spells | | ✓ | | Jaundice or hepatitis | | ✓ | | Epilepsy or fits |
| ✓ | | | Eye trouble | | ✓ | | Adverse reaction to serum, drug, or medicine | | ✓ | | Car, train, sea or air sickness |
| ✓ | | | Ear, nose, or throat trouble | | ✓ | | | | ✓ | | Frequent trouble sleeping |
| | ✓ | | Hearing loss | ✓ | | | Broken bones | | ✓ | | Depression or excessive worry |
| | ✓ | | Chronic or frequent colds | | ✓ | | Tumor, growth, cyst, cancer | | ✓ | | Loss of memory or amnesia |
| | ✓ | | Severe tooth or gum trouble | | ✓ | | Rupture/hernia | ✓ | | | Nervous trouble of any sort |
| | ✓ | | Sinusitis | | ✓ | | Piles or rectal disease | | ✓ | | Periods of unconsciousness |
| | ✓ | | Hay Fever | | ✓ | | Frequent or painful urination | | | | |
| | ✓ | | Head injury | | ✓ | | Bed wetting since age 12 | | | | |
| | ✓ | | Skin diseases | | ✓ | | Kidney stone or blood in urine | | | | |
| | ✓ | | Thyroid trouble | | ✓ | | Sugar or albumin in urine | | | | |
| | ✓ | | Tuberculosis | | ✓ | | VD—Syphilis, gonorrhea, etc. | | | | |
| | ✓ | | Asthma | | ✓ | | Recent gain or loss of weight | | | | |
| | ✓ | | Shortness of breath | | ✓ | | Arthritis, Rheumatism, or Bursitis | | | | |
| | ✓ | | Pain or pressure in chest | | ✓ | | Bone, joint or other deformity | | | | |
| | ✓ | | Chronic cough | | ✓ | | Lameness | | | | |
| ✓ | | | Palpitation or pounding heart | | ✓ | | Loss of finger or toe | | | | **12. FEMALES ONLY: HAVE YOU EVER** |
| | ✓ | | Heart trouble | | ✓ | | Painful or "trick" shoulder or elbow | | | | Been treated for a female disorder |
| | ✓ | | High or low blood pressure | | ✓ | | Recurrent back pain | | | | Had a change in menstrual pattern |

| 13. WHAT IS YOUR USUAL OCCUPATION? | 14. ARE YOU (Check one) |
|---|---|
| 13B10 | ☒ Right handed    ☐ Left handed |

93–101–01

F-6

| YES | NO | CHECK EACH ITEM YES OR NO. EVERY ITEM CHECKED YES MUST BE FULLY EXPLAINED IN BLANK SPACE ON RIGHT |
|---|---|---|
| | ✓ | **15.** Have you been refused employment or been unable to hold a job or stay in school because of: |
| | ✓ | A. Sensitivity to chemicals, dust, sunlight, etc. |
| | ✓ | B. Inability to perform certain motions. |
| | ✓ | C. Inability to assume certain positions. |
| | ✓ | D. Other medical reasons (If yes, give reasons.) |
| | ✓ | **16.** Have you ever been treated for a mental condition? (If yes, specify when, where, and give details). |
| | ✓ | **17.** Have you ever been denied life insurance? (If yes, state reason and give details.) |
| | ✓ | **18.** Have you had, or have you been advised to have, any operations? (If yes, describe and give age at which occurred.) |
| ✓ | | **19.** Have you ever been a patient in any type of hospitals? (If yes, specify when, where, why, and name of doctor and complete address of hospital.) |
| ✓ | | **20.** Have you ever had any illness or injury other than those already noted? (If yes, specify when, where, and give details.) |
| ✓ | | **21.** Have you consulted or been treated by clinics, physicians, healers, or other practitioners within the past 5 years for other than minor illnesses? (If yes, give complete address of doctor, hospital, clinic, and details.) |
| | ✓ | **22.** Have you ever been rejected for military service because of physical, mental, or other reasons? (If yes, give date and reason for rejection.) |
| | ✓ | **23.** Have you ever been discharged from military service because of physical, mental, or other reasons? (If yes, give date, reason, and type of discharge; whether honorable, other than honorable, for unfitness or unsuitability.) |
| | ✓ | **24.** Have you ever received, is there pending, or have you applied for pension or compensation for existing disability? (If yes, specify what kind, granted by whom, and what amount, when, why.) |

3 MAY 83 until 5 MAY 83 At FlAK hospital
FlAK Kaserne for An Ulcer the doctor
Name is M.D. Thomas Col. I mc Clinic

I certify that I have reviewed the foregoing information supplied by me and that it is true and complete to the best of my knowledge. I authorize any of the doctors, hospitals, or clinics mentioned above to furnish the Government a complete transcript of my medical record for purposes of processing my application for this employment or service.

| TYPED OR PRINTED NAME OF EXAMINEE | SIGNATURE |
|---|---|
| Joseph Darren Reavis | Joseph Darren Reavis |

NOTE: HAND TO THE DOCTOR OR NURSE, OR IF MAILED MARK ENVELOPE "TO BE OPENED BY MEDICAL OFFICER ONLY."
**25.** Physician's summary and elaboration of all pertinent data (Physician shall comment on all positive answers in items 9 through 24. Physician may develop by interview any additional medical history he deems important, and record any significant findings here.)

(1) No knowledge of ENT problems today.

(2) States he has ulcer, being followed by Dr. Thomason, I mc Augsburg Hospital. Taking myloanta and anacids. He appt scheduled in Jan '84.

(3) No knowledge of Cent bladder or gall stone troubles.

(4) No real history — Feels because he hard ulcer it was caused by worry.

Temp. medical records reviewed.

No other pertinent history —

| TYPED OR PRINTED NAME OF PHYSICIAN OR EXAMINER | DATE | SIGNATURE | NUMBER OF ATTACHED SHEETS |
|---|---|---|---|
| NATHANIEL L. HILL CW2        USA MEDICAL SERVICE ASSISTANT | 8 NOV 83 | T. Hill | |

REVERSE OF STANDARD FORM 93

Standard Form 600
General Services Administration and
Interagency Committee on Medical Records
FPMR 101—11.806—8
October 1975

Exception Approved by NARS
1 Aug 79

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |

**11 JUN 1984**  NKA  Ø Meds.

USAHC
AUGSBURG
APO NY 09178

TIME IN: 0850
TEMP: 97.8
PULSE: 72
RESP: 16
B/P: 120/66

⑤ 21 y/o° c c/o cramps in abdomin pain for x 3 days. SM states when he stands up he has a pinching feeling that runs from buttocks to stomach area. Sgt. Wildey 91878

THIS INDIVIDUAL HAS BEEN GIVEN
medication
ON
date
FOR
number of days
THAT MAY AFFECT NUCLEAR SURETY DUTIES.
COMMANDER NOTIFIED
date
signature

Refer to P.A.   spc Jones c/Ac

as above. Pt describes state pain comes & goes, no particular motions or actions bring pain on. Denies any change in color or force of urine. O - Ø negative exam, scrotal exam normal, ⊖ hernia palpated, rectal - Digital exam normal, Abdomen soft & non-tender, no organ enlargement noted.

A. normal exam

plan: ① U/A
② Reassurance
③ Rtc = 1 wk for F/U.
treatment will not affect PRP status.

NATHANIEL L. HILL
CW2
PHYSICIAN ASSISTANT
USA SEX

| PATIENT'S IDENTIFICATION (Use this Space for Mechanical Imprint) | PATIENT'S NAME (Last, First, Middle initial) |  |  |
|---|---|---|---|
| 20 16458 30 92 914TH MED DET 09178 REAVES JOSEPH D 19  M ADA E-4 A 1/70 FA  8391 | YEAR OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | DEPART/SERVICE |
|  | SPONSOR'S NAME |  | RANK/GRADE |
|  | SSAN OR IDENTIFICATION NO. | ORGANIZATION |  |

CHRONOLOGICAL RECORD OF MEDICAL CARE
Standard Form 600
600-106-01

F-8

Standard Form 600
General Services Administration and
Interagency Committee on Medical Records
FPMR 101–11.806–8     Exception Approved by NARS
October 1975          1 Aug 79

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |

**0 5 SEP 1984**

USAHC
AUGSBURG
APO NY 09178

TIME IN: 1456
TEMP: 98.1
PULSE: 66
RESP: 18
B/P: 108/62

NKA. Ø Meds.

(S) 21 Y/o Pt. ♂ c̄ c̄10 pain, cramping to ® side of abd. X 2 hrs.

(A) Degestion impairment of.

(P) Refer to P.A.

PVT 2 Lo Vence Moody 91B

S: Above. Pt states he's also passing lots of gas.

O – Abdomen Soft, ~~and non~~ ~~x~~ ret some tenderness elicited during palpation over entire abdomen, no rebound tenderness, able to compress forcefully entire abdomen c̄ much tenderness, bowel sounds hyperactive. rectal – digital exam reveals well formed stool high c̄ rectal vault Hemocult – neg.

A flatus

plan: Ø implants

① ↓ gas forming foods & spicing.

② RtC prn.

medication will not affect IMP status – Cmnds. notified per DD form 689.

NATHANIEL L. HILL
CW2                    USA
PHYSICIAN ASSISTANT

| PATIENT'S IDENTIFICATION (Use this Space for Mechanical Imprint) | PATIENT'S NAME (Last, First, Middle initial) | | SEX |
|---|---|---|---|
| | YEAR OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | DEPART/SERVICE |
| | SPONSOR'S NAME | | RANK/GRADE |
| | SSAN OR IDENTIFICATION NO. | ORGANIZATION | |

CHRONOLOGICAL RECORD OF MEDICAL CARE
Standard Form 600
600–106–01

E-9

## INPATIENT TREATMENT RECORD COVER SHEET

For use of this form, see AR 40-400; the proponent agency is the Office of The Surgeon General.

PAGE 1 OF 1

| 1. REGISTER NUMBER | 2. NAME (Last, First, MI) | | 3. GRADE | ADMISSION REMARKS |
|---|---|---|---|---|
| 0596361 | REAVES, JOSEPH D | | PFC | |

| 4. SEX | 5. AGE | 6. RACE | 7. RELIGION | 8. LENGTH OF SVC | 9. ETS | 10. PREVIOUS ADMISSION |
|---|---|---|---|---|---|---|
| M | 23 | 3 | CND | 4 | 19 SEP 1987 | NO |

| 11. FMP | 12. SSN | 13. ORGANIZATION | 14. WARD |
|---|---|---|---|
| 20 | 164583092 | 49 ORD CO FORT RILE KS | 5A |

| 15. FLYING STATUS | 16. RATING / DSG | 17. DEPT / BEN | 18. BRANCH / CORPS. | 19. UIC / ZIP | 20. TYPE CASE |
|---|---|---|---|---|---|
| 76 | 0 | ARMY | | 66442 | DIS |

| 21 SOURCE OF ADMISSION / AUTHORITY FOR ADMISSION | 22. HOUR OF ADMISSION | 23. CLINIC SERVICE |
|---|---|---|
| DIR   DIRECT ADMISSION AR 40-3 PARA 4-1 | 0905 | MED |

| 24 NAME / RELATIONSHIP OF EMERGENCY ADDRESSEE | 25. TYPE DISPO-SITION | 26. DATE OF DISPO-SITION | ADMITTING OFFICER |
|---|---|---|---|
| REAVES, ZINA / WIFE | DUTY | 04 AUG 1986 | PRESTON, KEVI |

| 27 ADDRESS OF EMERGENCY ADDRESSEE (Include ZIP Code) | TELEPHONE NO. | 28. DATE OF THIS AD-MISSION | 32. UNITS OF WHOLE BLOOD / COMPONENT TRANSFUSED |
|---|---|---|---|
| 6245-3 FLEETW FORT RIL KS 66442 | NO PHONE | 04 AUG 1986 | |

| 29. NAME AND LOCATION OF MEDICAL TREATMENT FACILITY | 30. DATE OF INITIAL ADMISSION |
|---|---|
| IRWIN ACH, FT RILEY, KS | |

**31 SELECTED ADMINISTRATIVE DATA**

☐ Check if Continued on Reverse

**33. CAUSE OF INJURY**

**34 DIAGNOSES / OPERATIONS AND SPECIAL PROCEDURES**

DG  1.             53190-  -0
PRE-PYLORIC PEPTIC ULCER

4513-D-1  04 AUG 1986
ESOPHAGOGASTRODUODENOSCOPY

☐ Check if Continued on Reverse

**35 TOTAL DAYS THIS FACILITY**

| a. ABSENT SICK DAYS | b. OTHER DAYS | c. CONV LV / COOP CARE DAYS | d. SUPPLEMENTAL CARE DAYS | e. BED DAYS | f. TOTAL SICK DAYS |
|---|---|---|---|---|---|
| 0 | 0 | 0 | 0 | 1 | 1 |

**36 TOTAL DAYS ALL FACILITIES**

| a. ABSENT SICK DAYS | b. OTHER DAYS | c. CONV LV / COOP CARE DAYS | d. SUPPLEMENTAL CARE DAYS | e. BED DAYS | f. TOTAL SICK DAYS |
|---|---|---|---|---|---|
| 0 | 0 | 0 | 0 | 1 | 1 |

| SIGNATURE OF ATTENDING MEDICAL OFFICER | SIGNATURE OF HEAD OR MEDICAL RECORDS OFFICER |
|---|---|
| PRESTON, KEVIN AAAA | MARION J. FISH |

DA FORM 3647
1 MAY 79

EDITION OF 1 AUG 76 IS OBSOLETE.

F-10

out pat enl record

## MEDICAL RECORD — SUPPLEMENTAL MEDICAL DATA
For use of this form, see AR 40-400; the proponent agency is the Office of The Surgeon General.

| REPORT TITLE | OTSG APPROVED *(Date)* |
|---|---|
| ENDOSCOPY REPORT | 13 Sep 84 |

INDICATIONS:

ENDOSCOPIST: Kevin Preston DO
ASSISTANT: Maries Foster GI A
ENDOSCOPE: GIF P-3
ALLERGIES:

PREMED:
- Mylicon – 1cc
- Xylocaine Gargle
- Cetacaine
- Demerol 9 mg IV
- Valium 9 mg IV

pre-pyloric   pylorus
adherent fold c
2 whitish plaques          mild duodenitis

FINDINGS:

ESOPHAGUS   NL

STOMACH   pre-pyloric mucosal deformity c 2 ulcer
plaques present on inflamed edematous fold

DUODENUM   mild erythema, deformity

BIOPSIES   / / Yes   /X/ No
CYTOLOGY   / / Yes   /X/ No
PHOTOGRAPHS   / / Yes   /X/ No

COMPLICATIONS:   0

ASSESSMENT:   Pre-pyloric ulcer, mild duodenitis

RECOMMENDATION:   Continue H₂ blocker - ① Cimetidine 300 q 8⁰
AAS   ② Mylanta II 30cc 1&3⁰ pc/hs
③ Re-scope 8 wk

| PREPARED BY *(Signature & Title)* | DEPARTMENT/SERVICE/CLINIC | DATE |
|---|---|---|
| | Medicine | 4 Aug 86 |

PATIENT'S IDENTIFICATION *(For typed or written entries give: Name - last, first, middle; grade; date; hospital or medical facility)*
REAVES, JOSEPH D PFC   AAAA
23YRS   49 ORD CO
IRWIN ACH FT RILEY KS 5A
DOB 621217 4 AUG86 AAXB

AGE 23   SEX /X/ Male  / / Female

☐ HISTORY/PHYSICAL   ☐ FLOW CHART
☐ OTHER EXAMINATION   ☐ OTHER *(Specify)*
  OR EVALUATION
☒ DIAGNOSTIC STUDIES
☐ TREATMENT

DA FORM 4700
1 MAY 78

MEDDAC(Ft Riley)OP 148
1 Jul 84

OTSG Approved
13 Oct '82

CLINICAL RECORD — DOCTOR'S PROGRESS NOTES
(Sign all notes)

DATE

DISCHARGE NOTE

Date Admitted: 8-1-86          Date Discharged: 8-7-86

Significant Findings & Present Status:

PUD sxs x 2 wks c fb PUD h, UGI
1983

Special Procedures/Operations:

EGD - 7 pre-pyloric ulcer

Discharge Diagnosis(es):

Pre-pyloric peptic ulcer

Condition on Discharge: Good

Diet: Regular          Special (Specify)

Activity Permitted (Profile for Active Duty Members):

Ad lib

Medications: Tagamet 300 QID
AA' 1/3° pc / hs · prn

Special Treatment at Home: 0

Follow-up Instructions: Repeat EGD 8 wks

Copies (2): Clinical Record, Health Record

Physician's Signature

(Continue on reverse side)

PATIENT'S IDENTIFICATION (For typed or written entries give: Name—last, first, middle; grade; date; hospital or medical facility)
596361  20 16450 30 92
REAVES, JOSEPH D PFC   AAAA
23YRS 49 ORD CO
IRWIN ACH FT RILEY KS 5A
DOB 621217 4 AUG86 AAXB

REGISTER NO.        WARD NO.

DOCTOR'S PROGRESS NOTES
Standard Form 509
May 1969 (Rev.)
General Services Admin. &
Int. Agency Comm. on Med. Records
509-108
MEDDAC(Ft Riley)OP 57
1Aug82

MEDICAL RECORD — SUPPLEMENTAL MEDICAL DATA

*For use of this form, AN 40-400, the proponent agency is the Office of the Surgeon General.*

| REPORT TITLE | |
|---|---|
| DISCHARGE INSTRUCTIONS/TEACHING RECORD | OTSG APPROVED *(Date)*  6 Jan 81 |

1. You will be discharged from the hospital on __4 Aug__ and are to return to the __Med__ Clinic on __as needed__. Follow-up appointment _____

2. DIAGNOSES/LAYPERSON'S TERMS:

   Pre-pyloric ulcer / open area
   in stomach near the exit
   point of the stomach

TREATMENT AND PROCEDURES: The following treatment(s) and procedures were conducted during your hospitalization:

   Endoscopy
   Medication
   Observation

3. MEDICATIONS: The medications that you will take home are:

   Name of Drug                                      Instructions
   Tagamet 300 mg 4 times a day
   Mylanta 1 hs. and 3 hr after meals
          and at bedtime

4. SPECIFIC INSTRUCTIONS: (Activity/Limitations, OT/PT, Diet, Treatments, Lab, Social Work, etc.)

   1) Return to Clinic or ER if you
      experience stomach pain, weakness
      or dark colored stools
   2) Repeat ENDOSCOPY in 8 wks

5. If you need assistance with your arrangements (equipment, transportation, Community Health Nurse follow-up) for discharge, please write what you need:

DISCHARGE PLANS HAVE BEEN EXPLAINED.

X _Joseph Reaves_
   SIGNATURE OF PATIENT

Copies (3): Clinical Record (Inpatient), Outpatient Treatment Record (Health Record), Patient

*(Continue on reverse)*

| PREPARED BY *(Signature & Title)*  Joe Rubb  2LT/AN | DEPARTMENT/SERVICE/CLINIC  Dept of Nursing, Ft Riley, KS | DATE  4 Aug 86 |
|---|---|---|

PATIENT'S IDENTIFICATION *(For typed or written entries give: Name - last, first, middle; grade; date; hospital or medical facility)*

596361  20 16458 30 92
REAVES, JOSEPH D PFC   AAAA
23YRS 49 ORD CO
IRWIN ACH FT RILEY KS 5A
DOB 621217 4 AUG86 AAXB

☐ HISTORY/PHYSICAL   ☐ FLOW CHART
☐ OTHER EXAMINATION OR EVALUATION   ☐ OTHER *(Specify)*
☐ DIAGNOSTIC STUDIES
☐ TREATMENT

DA FORM 4700  1 MAY 78

MEDDAC(Ft Riley)OP 39

F-13