ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JOSEPH REAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16-141C |
| v. ) | |
| ) | (Senior Judge Victor J. Wolski) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, DEFAULT JUDGMENT, RELIEF FROM JUDGMENT, SANCTIONS FOR DELIBERATE SPOLIATION OF EVIDENCE, AND TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Pursuant to Rule 6(b) of the Rules of the Court of Federal Claims (RCFC) and the Court's April 29, 2019 order (ECF No. 67), defendant, the United States, respectfully submits this consolidated response to the following motions filed by *pro se* plaintiff, Joseph Reaves: (1) motion for summary judgment (ECF No. 40); (2) motions for default judgment (ECF Nos. 43 and 61); (3) motion for relief from judgment (ECF No. 46); (4) motions for sanctions based upon deliberate spoliation of evidence (ECF Nos. 42 and 54); and (5) motion to supplement the administrative record (57). For the reasons set forth below, the Court should deny the foregoing motions.

I. **The Court Should Deny Mr. Reaves's Motions for Summary Judgment, Default Judgment, and Relief From Judgment**

Mr. Reaves's motions for summary judgment, default judgment, and relief from judgment should be denied as moot.

On February 12, 2018, Mr. Reaves filed a motion seeking supplementation of the administrative record (ECF No. 33). Mr. Reaves sought to supplement the record to include a letter from Wedge Recovery Centers to the Board of Veterans Appeals, dated December 21,

RECEIVED FROM NIGHT BOX
APR 3 0 2019
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

2017. The United States' response was due on February 26, 2018. Due to an inadvertent oversight, the United States did not respond by that date. On April 25, 2018, Mr. Reaves filed motions for summary judgment and default judgment (ECF Nos. 40 and 43) on the grounds that the United States had not responded his motion to supplement the administrative record.

On April 25, 2018, the same date Mr. Reaves filed his motions for summary judgment and default judgment, the Court ordered the United States to file its response by May 9, 2018 (ECF No. 39). The United States prepared an unopposed motion for enlargement of time to file its response and served it on Mr. Reaves on May 7, 2018. But, due to an administrative error, the motion was not filed with the Court on the same day. Upon discovery of the error, undersigned counsel notified the Court of the issue and sought an enlargement of time within which to file its response. *See* Def.'s Mot. for Enlargement (ECF No. 47).

On May 7, 2018, Mr. Reaves moved for relief from judgment, pursuant to RCFC 60 (ECF No. 46). In his motion, Mr. Reaves essentially argued that the Court should reconsider its April 25, 2018 order permitting the United States to respond to his February 12, 2018 motion to supplement the administrative record (ECF No. 33).

On May 16, 2018, the Court granted the United States' motion for enlargement of time to file out of time, setting the due date for its responses to May 23, 2018 (ECF No. 48).

On May 23, 2018, the United States filed its response to Mr. Reaves's motion to supplement the administrative record (ECF No. 49). In its response, the United States maintained that supplementation of the record with the 2017 letter from Wedge Recovery Centers was unwarranted because the 2017 document was not before the agency when making the decision at issue in this case. On November 30, 2018, Mr. Reaves filed his reply in support

of his motion to supplement the record (ECF No. 53). The motion has not yet been ruled on by the Court.

As a preliminary matter, given that the basis for Mr. Reaves's motions for summary judgment and default judgment (ECF Nos. 40 and 43) was that the United States had not responded to his pending motion to supplement the record (ECF No. 33), and the United States has since done so, with leave of the Court, the matter is now moot. For the same reasons, Mr. Reaves's pending motion for relief from judgment (ECF No. 46) is also moot.

Moreover, Mr. Reaves's motion for summary judgment (ECF No. 40) has not demonstrated that judgment should be granted in his favor. Pursuant to RCFC 56, the Court shall grant the summary judgment requested where Mr. Reaves establishes that there is no genuine dispute as to any material fact and he is entitled to summary judgment as a matter of law. Mr. Reaves's summary judgment motion does not address the material facts or applicable substantive law. Rather, he seeks a remedy for alleged procedural errors, which have since been cured.

Mr. Reaves's motion for default judgment (ECF No. 43) and memorandum in support thereof (ECF No. 44) fail to establish Mr. Reaves's entitlement to default judgment. Pursuant to RCFC 55(a), the Court may enter default judgment for affirmative relief when the party against whom judgment is sought has failed to plead or otherwise defend the case. This is certainly not the case here. The United States has filed a timely motion to dismiss this matter for lack of subject matter jurisdiction and, in the alternative, has moved for judgment upon the administrative record (ECF No. 12). Moreover, while the United States' motion is still pending, the United States has continued to participate in this litigation in good faith. In light of this,

entry of default judgment is not appropriate. For these same reasons, the Court should deny Mr. Reaves's March 20, 2019 renewed motion for default judgment (ECF No. 61).

## II. The Court Should Not Grant Sanctions Based Upon Mr. Reaves's Claim That The Army Engaged In Deliberate Spoliation Of Evidence

On April 25, 2018, Mr. Reaves also moved for sanctions against the United States for alleged deliberate spoliation of evidence (ECF No. 42), renewing its motion on November 30, 2018 (ECF No. 54). Mr. Reaves fails to establish that the relevant documents were actually destroyed, much less that they were destroyed in bad faith so as to interfere with his ability to pursue his rights before the Army Board for Correction of Military Records (ABCMR or board) or this Court. The Court should deny his motion accordingly.

### A. Standard Of Review

Spoliation "refers to the destruction or material alteration of evidence or to the failure to reserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Micron Tech., Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011) (quoting *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001)). The Court of Appeals for the Federal Circuit requires a party to demonstrate three prongs before the Court may impose sanctions:

> [E]vidence has been destroyed and (1) . . . the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) . . . the records were destroyed with a culpable state of mind; and (3) . . . the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*See Jandreau v. Nicholson*, 492 F.3d 1372, 1375 (Fed. Cir. 2007) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)). The burden of establishing each element of spoliation falls squarely on the party moving for sanctions. *Id.*

- 4 -

Spoliation sanctions are only appropriate if the moving party establishes that the party destroying the evidence had some level of culpability. *Jandreau*, 492 F.3d at 1375. The Federal Circuit has suggested that a finding of bad faith is "normally a prerequisite to the imposition of dispositive sanctions for spoliation." *Micron Tech.*, 645 F.3d at 1327; *see also United Med. Supply v. United States*, 77 Fed. Cl. at 257, 270 (2007) ("When considering the most powerful of the available sanctions, particularly those that might lead to a determination other than on the merits, the court must use an additional measure of restraint, which ordinarily requires that the offending party's conduct evinces serious fault, willfulness or bad faith.") Bad faith, however, is not a prerequisite for less severe sanctions. *United Med. Supply*, 77 Fed. Cl. at 268. Instead, this Court has adopted a balancing approach such that it should adopt a sanction that is "just and proportionate in light of the circumstances underlying the failure to preserve relevant evidence, as well as the punitive, prophylactic, remedial and institutional purposes to be served by such sanctions." *Id.* at 270.

Such an approach is consistent with the 2015 Amendments to the Federal Rules of Civil Procedure (FRCP), and the most recent proposed amendment to RCFC 37.[1] FRCP 37(e) now provides a national standard for how courts should approach allegations of spoliation as a result

---

[1] The proposed amendment to RCFC 37(e) includes identical language to FRCP 37(e). *Compare* FRCP 37(e) *with* United States Court of Federal Claims, Notice of Proposed Amendments to Rules, available at http://www.uscfc.uscourts.gov/sites/default/files/16-04-29-Rules-Package-for-Public-Comment.pdf. The changes to RCFC 37(e) were proposed for the purpose of conforming the RCFC to the FRCP. Although the Court of Federal Claims has not yet adopted the new amendments, RCFC has historically "parallel[ed] the structure and content of FRCP 37." *See* RCFC 37, rules committee notes. Moreover, the Court of Federal Claims historically endeavors to conform to the FRCP, and, thus, interpretation of the RCFC are "are guided by case law and the Advisory Committee Notes that accompany the FRCP." *Angelo v. United States*, 57 Fed. Cl. 100, 104 n.4 (2003).

of a party's failure to preserve electronically stored documents. As amended, FRCP 37(e) provides that the court must "find[]that the party acted with the intent to deprive another party of the information's use in the litigation" before it "presume[s] that the lost information was unfavorable to the party" or "enter[s] a default judgment." Absent an "intent to deprive," the Court may order curative, remedial measures, but *only if* it makes a finding of prejudice to the requesting party as a result of the loss of relevant information. *Id.* It is not sufficient that documents or information is lost, there must be a showing of prejudice, *and* the Court may only remedy the prejudice with proportionate measures that will return the parties to *status quo*. Fed. R. Civ. P. 37(e) advisory committee notes (2015).

If the party seeking sanctions carries its burden, "[s]poliation may result in a variety of sanctions, with the oldest and most venerable remedy being an adverse inference, under which the finder of fact may infer that the destroyed evidence would have been favorable to the opposing side." *Laboratory Corp. of Am. v. United States*, 108 Fed. Cl. 549, 557 (2013) (internal quotation omitted). However, in fashioning a sanction, a court "must take into account (1) the *degree* of fault of the party who altered or destroyed the evidence; (2) the *degree* of prejudice suffered by the opposing party; and (3) *whether there is a lesser sanction* that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Micron Tech.*, 645 F.3d at 1329 (citations omitted).

### B. Mr. Reaves's Motion For Spoliation Should Be Denied Because There Is No Indication That Evidence Has Been Destroyed

Mr. Reaves's motion for spoliation sanctions fails at the most fundamental level because it fails to establish that the relevant documents were actually destroyed, much less in bad faith.

On March 1, 2017, during oral argument on the United States' motion to dismiss and, in the alternative, for judgment upon the administrative record (EC No. 12), Mr. Reaves alleged that medical records created between 1981 and 1983 had been destroyed by the Army. *See* Pl.'s Mot. for Sanctions Based on Deliberate Spoliation (Pl.'s Spoliation Mot.) (ECF No. 42) at 21. Based upon this allegation, Mr. Reaves moved for sanctions alleging that the Army deliberately destroyed documents relevant to this litigation. *See id.* at 1, 21; Pl.'s Mem. in Support of Pl.'s Spoliation Mot. (ECF No. 45) at 8. Mr. Reaves renewed his motion on November 30, 2018 (ECF No. 54). In his papers, Mr. Reaves does not offer any evidence that the documents at issue were destroyed, but, instead, relies upon an inference that they must have been destroyed because he alleges he returned the documents to the Army in 1983. *See* Pl.'s Mem. in Support of Pl.'s Spoliation Mot. (ECF No. 45) at 8.

Mr. Reaves has not demonstrated that the Army destroyed the documents at issue, much less that it did so with a culpable state of mind. If anything, Mr. Reaves has only established that the documents at issue are missing and cannot be located by the Army. The law is well-settled that absent "irrefragable proof" to the contrary, this Court must presume that Government officials perform their duties correctly, fairly, in good faith, and in accordance with law and governing regulations. *LaChance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999). Because Mr. Reaves has failed to show bad faith, dispositive sanctions such as default judgment or an adverse inference are unwarranted. *Micron Tech.*, 645 F.3d at 1327; *United Medical Supply Co. v. United States,* 77 Fed. Cl. 257, 270 (2007).

The Army has made a good faith effort to search for the documents subject to Mr. Reaves's spoliation motion. It has not discovered, nor has Mr. Reaves established, that the Army's failure to locate these documents was the result of anything other than inadvertent

administrative loss. In light of the presumption that the relevant Government officials acted in good faith with respect to the maintenance of the documents at issue, the Court should not infer from such loss or misplacement that the Army deliberately destroyed documents so as to interfere with Mr. Reaves's ability to pursue his rights before the board or this Court.

Furthermore, even if Mr. Reaves could prove that evidence was destroyed there is no basis to award sanctions because the Army did not have a duty to preserve the documents at issue at the time the evidence he seeks was allegedly lost. A party is not blameworthy when documents are lost during a time when there is no duty to preserve. *See Micron Tech.*, 645 F.3d at 1320 ("[A] party can only be sanctioned for destroying evidence if it had a duty to preserve it."). The duty to preserve begins when litigation is "pending or reasonably foreseeable." *Id.* at 1320 (citing *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) and *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). A duty to preserve documents is not triggered from the mere existence of a potential claim. *Id.* (citing *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681–82 (7th Cir. 2008)). Instead, the duty to preserve evidence is triggered by *probable* litigation. *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008); ABA Section of Litigation, Civil Discovery Standards, August 1999, Standard No. 10 ("[f]or the duty [to preserve evidence] to attach before a suit has been filed, . . . the litigation must be probable, not merely possible").

The documents at issue were presumably lost in 1983. This lawsuit was not filed until 2016—more than thirty years after the presumed loss. Even if the Court were to find that litigation was reasonably foreseeable when Mr. Reaves first applied to the board, the Army's obligation to preserve documents for use in litigation was not triggered until 2008 (AR452).

Thus, to the extent that any documents were lost, the loss occurred long before the duty to preserve arose.

For these reasons, the Court should deny Mr. Reaves's motions for sanctions based upon deliberate spoliation of evidence (ECF Nos. 42 and 54).

## III. Mr. Reaves's December 17, 2018 Motion to Supplement The Administrative Record Should Be Denied

It is well-settled under *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374 (Fed. Cir. 2009), that "supplementation of the record should be limited to cases in which 'the omission of extra-record evidence precludes effective judicial review.'" *Id.* (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735, *aff'd*, 398 F.3d 1342 (Fed. Cir. 2005). Generally, when proceedings before the Court are related to an agency decision, the administrative record should include the record of the agency's action. *See* RCFC 52.1(a). "The purpose of limiting review to the record actually before the agency is to guard against courts using new evidence to 'convert the "arbitrary and capricious" standard into effectively de novo review.'" *Axiom*, 564 F.3d at 1380 (quoting *Murakami*, 46 Fed. Cl. at 735 and citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-33 (1985); *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The Court should exercise restraint when considering whether to supplement the record. *Id.* Further, when the material proffered for supplementation is not probative, supplementation is not warranted and neither is remand for consideration by the Army Board for Correction of Military Records (ABCMR or board). *See Miller v. United States*, 119 Fed. Cl. 717, 727 (2015).

This Court does not serve as a "super correction board." *Skinner v. United States*, 594 F.2d 824, 830 (Ct. Cl. 1979). "Rather, it defers to the Army's decisions regarding medical retention standards and fitness for duty determinations." *Watson v. United States*, 118 Fed. Cl.

266, 272 (2014). It is inappropriate, therefore, for the Court to consider records that post-date Mr. Reaves's discharge date, as the board's inquiry was whether Mr. Reaves was suffering from a disabling condition at the time of discharge in 1986. Even if the Court were to find that the board should have considered records in existence at the time Mr. Reaves's first submitted his claim for disability retirement in 2008, the documents at issue are still outside the proper scope of this Court's inquiry.

Mr. Reaves seeks to supplement the record with Standard Form (SF) 600, dated July 31, 1984, and five other documents, the earliest of which is dated August 7, 2017. Pl.'s Mot. to Suppl. (ECF No. 57) at 1. With respect to the SF 600, dated July 31, 1984, referenced by Mr. Reaves in his motion (ECF No. 57) and attached thereto as Exhibit A, this document is already included in the administrative record filed on May 31, 2016, at AR000171 (ECF No. 11). The remaining documents Mr. Reaves moves to include in the record were created in 2017 and 2018. Mr. Reaves was discharged from the Army on November 10, 1986. Documents created more than thirty years after Mr. Reaves's discharge are not properly before the Court in its review of whether Mr. Reaves was eligible for disability retirement benefits based upon the presence of a disabling condition at the time of discharge. The Court should deny Mr. Reaves's motion to supplement the administrative record accordingly.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

*/s/ Deborah A. Bynum*
DEBORAH A. BYNUM
Assistant Director

OF COUNSEL:

MAJ. WILLIAM C. BIGGERSTAFF
Litigation Attorney
U.S. Army Legal Services Agency

*/s/ Alexis J. Echols*
ALEXIS J. ECHOLS
Trial Attorney
United States Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, DC  20044
Telephone: (202) 616-0463
Facsimile:  (202) 307-2503
E-mail: alexis.j.echols@usdoj.gov

April 30, 2019

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 30th day of April, 2019, I caused to be placed in the United States mail (First-class, postage prepaid), copies of "DEFENDANT'S CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, DEFAULT JUDGMENT, RELIEF FROM JUDGMENT, SANCTIONS FOR DELIBERATE SPOLIATION OF EVIDENCE, AND TO SUPPLEMENT THE ADMINISTRATIVE RECORD " addressed as follows:

> JOSEPH REAVES
> P.O. Box 30769
> Philadelphia, PA 19104

_____